HILDA M. FERRIS & another *vs.* RUSSELL GRINNELL, JR., & another.

Essex.   January 3, 1968. — February 16, 1968.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Workmen's Compensation Act,* Domestic servant, To whom act applies, Employer. *Employer's Liability,* Domestic servant.

A domestic servant, who was employed by a householder not insured under the Workmen's Compensation Act, G. L. c. 152, and who sustained an injury arising out of and in the course of her employment, was not entitled to recover from the householder for such injury on the theory that he was required to be insured under the act and she had the benefit of § 66 (4) where it appeared that, although there were four other persons employed by the householder on his premises and each working more than sixteen hours a week and two of the others were domestic servants, the remaining two were engaged in maintenance and repair work on the premises and as to them he was, under § 1 (5), as amended through St. 1958, c. 429, "not . . . deemed to be an employer," so that there were not more than three domestic servants employed by him and under § 1 (4) (c), as amended through St. 1960, c. 306, the act was elective as to him.

TORT.   Writ in the Superior Court dated June 13, 1961. The action was tried before *DeSaulnier, J.*

*Walter F. Henneberry* for the defendants.

*Walter J. Hurley* for the plaintiffs.

SPALDING, J.   In this action of tort the plaintiff Hilda M. Ferris (plaintiff) sought to recover under a count alleging that she was injured while in the defendants' employ; that the accident arose out of and in the course of her employment; and that the defendants who were required to be insured under the Workmen's Compensation Act were not insured.[1]   The case was submitted to the jury on this count and a verdict was returned for the plaintiff.   The question

[1] There were other counts in the declaration but these need not concern us; one, based on negligence, was waived, and another in which the plaintiff's husband sought consequential damages resulted in a verdict for the defendants.

for decision stems from the denial of the defendants' motion for a directed verdict.

There was evidence of the following: On August 26, 1960, the plaintiff, who was one of five persons in the defendants' employ, was injured as a result of a fall on the defendants' kitchen floor. The plaintiff began working for the defendants in 1952 or 1953. Her duties consisted primarily of preparing dinner, bathing the children and putting them to bed, and cleaning the kitchen. The accident occurred between 5:30 and 6 P.M. after the plaintiff had finished preparing the evening meal. She fell "in the area where the kitchen sink was located."

The plaintiff was a domestic servant and prior to 1953 would not have come within the protection afforded employees by the Workmen's Compensation Act (Act), for domestic servants were expressly excluded. G. L. c. 152, § 1 (4), as appearing in St. 1945, c. 369. *Hagerty* v. *Myers*, 333 Mass. 387, 389. If she comes within the Act it must be on the basis of the amendments of § 1 (4) by St. 1953, c. 656, § 1; St. 1955, c. 755; St. 1956, c. 680; and St. 1960, c. 306.[2] If the plaintiff was an employee protected by the Act and her employers were not insured or self-insurers, she could recover in tort for an injury arising out of and in the course of her employment without proof of negligence. And the employers would not have the benefit of the common law defences such as contributory negligence, the fellow servant rule, and assumption of the risk, voluntary and contractual. G. L. c. 152, §§ 66 and 67. The defendants urge that the plaintiff was not an employee as defined in the Act. "Employee" under G. L. c. 152, § 1 (4), is defined as "every person in the service of another under any contract of hire, express or implied, oral or written, excepting . . . a person whose employment is not in the usual course of the trade, business, profession or occupation of . . . [her] employer."

---

[2] Section 1 (4), as amended by St. 1960, c. 306, now provides that the Act "shall remain elective as to the employers of . . . (b) Seasonal or casual or part-time domestic servants. For the purposes of this paragraph, a part-time domestic servant is one who works in the employ of the employer less than sixteen hours per week."

It is obvious that there is a repugnancy between this defini-
tion and the purported inclusion of certain domestic servants
within the Act's protection, for it is difficult to see how such
servants would be employed "in the usual course of the
trade, business, profession or occupation of" the employer
in the running of his home. The Act, it would seem, needs
legislative clarification on this point. But how, absent such
clarification, we would resolve this repugnancy need not be
decided, for there is another ground which is dispositive of
the case.

If the plaintiff, because a domestic servant, is to be af-
forded the protection of the Act she must establish that at
the time of her injury there were more than three such ser-
vants in the defendants' employ. As to persons employing
three domestic servants or less the Act remains elective.
G. L. c. 152, § 1 (4) (c), as amended through St. 1960,
c. 306. At the time of the accident the defendants employed
five persons. There was evidence that, in addition to the
plaintiff, Mary Courletis and Hazel Carpenter were em-
ployed by the defendants as domestic servants, each of whom
worked more than sixteen hours a week, or so the triers of
fact could have found. Walter Johnson and Warren Spurling,
according to the evidence, also worked more than sixteen
hours a week at the time of the accident. Their duties in-
cluded mowing the grass, painting, gardening, driving the
children to and from school, taking care of storm windows,
doing errands and general repair work.

Section 1 (5) of the Act, as amended through St. 1958,
c. 429, which defines "employer," contains a proviso that
"the owner of a dwelling house having not more than three
apartments and who resides therein, or the occupant of a
dwelling house of another who employs persons to do main-
tenance, construction or repair work on such dwelling house
or on the grounds or buildings appurtenant thereto shall not
because of such employment be deemed to be an employer."
The defendants come within the description contained in the
first clause of the proviso. Thus they are not to be deemed
employers as to persons doing the type of work described in

the proviso.  It is clear, on this record, that the work done by Spurling and Johnson was of this type.  Consequently at the time of the accident there were not more than three domestic servants in the defendants' employ.  The Act, therefore, as to the defendants was elective.  Since the plaintiff's case is based exclusively on the theory that the defendants were required to insure under the Act, she failed to make out a case, and the defendants' motion for a directed verdict should have been granted.

The defendants' exceptions are sustained and judgment is to be entered for the defendants.

*So ordered.*