EDWARD C. PETERS *vs.* FRANCESCO MICHIENZI & another.[1]

Franklin.   December 10, 1981. — March 9, 1982.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Workmen's Compensation Act,* To whom act applies.  *Statute,* Construction.

Homeowners who hired a carpenter to do finish carpentry on a house they were having built were not required to provide workmen's compensation insurance for him.  [536-539]

CIVIL ACTION commenced in the Superior Court on July 8, 1977.

The case was tried before *Moriarty,* J., and questions of law were reported by him to the Appeals Court.  The Supreme Judicial Court ordered direct review on its own initiative.

*Jack D. Curtiss* for the plaintiff.

*Edward P. Smith* for the defendants.

HENNESSEY, C.J.  This is an action for damages resulting from an injury received by the plaintiff in the course of his employment.  Count 1 alleges that the defendants, who employed the plaintiff at the time of the injury, were required under the Massachusetts Workmen's Compensation Act (Act) to provide compensation insurance for the benefit of the plaintiff, and that their failure to do so makes them liable for full tort damages.  See G. L. c. 152, §§ 66, 67. Count 2 alleges that the defendants are liable for breach of a contract wherein the defendants agreed to provide workmen's compensation insurance for the benefit of the plaintiff.  A jury decided against both defendants on the first count in the amount of $40,000.  It decided against the defendant

---

[1] Audrey F. Michienzi.

Audrey F. Michienzi on the second count in the amount of approximately $11,000.[2] The defendants do not assert any error with respect to the verdict on count 2, and we do not address that aspect of the case. The trial judge reserved entry of judgment and reported the question whether the defendants were required by the Workmen's Compensation Act to provide workmen's compensation insurance covering the plaintiff. We transferred the case to this court on our own motion. For reasons set forth below, we conclude that the defendants were not required to provide workmen's compensation insurance for the plaintiff.

The pertinent facts are not disputed. The defendant Francesco Michienzi is a physician who practices in Ohio. The defendant Audrey F. Michienzi is his wife. In 1975 they purchased land in the town of Leyden, and entered into various contracts for the purpose of building a second home there for their personal use. Mrs. Michienzi's father, Charles Gruchy, who was an experienced carpenter, agreed to do the finish carpentry on the house. When the time came to begin the finish work on the house, the defendants hired the plaintiff, a skilled carpenter, to assist Gruchy. The defendants did not provide any workmen's compensation insurance for the plaintiff, nor were they self-insurers within the meaning of G. L. c. 152, § 25A. There was no finding that the plaintiff was an independent contractor, and we assume that he was not. During the course of his employment the plaintiff fell off a ladder and was injured. There is nothing in the record to suggest that the plaintiff's injury was caused by any negligence on the part of the defendants.

If an employer is required under the Act to provide workmen's compensation insurance and fails to do so, the employer is liable in tort to an employee for injuries arising out

---

[2] The jury found that only Audrey Michienzi had agreed to provide workmen's compensation insurance covering the plaintiff.

The verdict on each count was reduced by $4,037 by the trial court for money already paid by the defendants to the plaintiff as compensation for his injuries.

of and in the course of the employment without proof that
the employer was negligent. G. L. c. 152, §§ 66, 67. The
Act requires every "employer" to provide workmen's com-
pensation insurance for his "employees." G. L. c. 152,
§ 25A. The plaintiff argues that he was an employee as
defined in the Act, and that the defendants were therefore
employers who were required to take out workmen's com-
pensation insurance. The definition of "employee" and
"employer" are set forth in G. L. c. 152, § 1 (4), (5). In
pertinent part, § 1 (4) defines "employee" as "every person
in the service of another under any contract of hire, express
or implied, oral or written, excepting . . . a person whose
employment is not in the usual course of the trade, business,
profession or occupation of his employer, but not excepting
a person conclusively presumed to be an employee under
section twenty-six of this chapter." G. L. c. 152, § 1 (4), as
amended through St. 1972, c. 374, § 1. Section 1 (5) de-
fines "employer," in pertinent part, as "an individual, part-
nership . . . or other legal entity . . . employing employees
subject to this chapter; provided, however, that the owner
of a dwelling house having not more than three apartments
and who resides therein, or the occupant of a dwelling
house of another who employs persons to do maintenance,
construction or repair work on such dwelling house or on
the grounds or buildings appurtenant thereto shall not be-
cause of such employment be deemed to be an employer."
G. L. c. 152, § 1 (5), as amended through St. 1969, c. 755,
§ 1. The plaintiff contends that the proviso in the defini-
tion of employer exempting certain homeowners impliedly
brings within the scope of the Act persons who, like the de-
fendants here, do not "reside" within the dwelling house
upon which the construction work is done.[3] To the extent
that this interpretation is inconsistent with the exception in
the definition of employee for persons whose employment is

---

[3] The record does not establish whether the defendants were in fact re-
siding in the house at the time of the injury. Our decision, however, does
not rest upon a determination of this fact.

not in the usual course of the business of the employer, the plaintiff argues that the latter clause should be construed to require only that the employee have received his injury while in the course of his (the employee's) employment. See L. Locke, Workmen's Compensation § 109, at 119-120 (2d ed. 1981). In the alternative, he argues that the defendants were engaged in a "business" or "occupation" when they were building their house. We do not accept these arguments.

We begin by observing that it was not the "trade, business, profession or occupation" of either of the defendants to build houses. At the least, these terms envision some habitual or regular activity. See *Marsh* v. *Groner,* 258 Pa. 473, 478 (1917). Cf. *Whipple* v. *Commissioner of Corps. & Taxation,* 263 Mass. 476, 485-486 (1928) ("business"); *Everson* v. *General Accident Fire & Life Assurance Corp.,* 202 Mass. 169, 175 (1909) ("occupation"). Building a home for one's personal use is not a "business" or "occupation" as those terms are commonly understood. By its terms, then, the exception for employment that is not in the usual course of the business of the employer applies to the plaintiff's employment and excludes it from the terms of the Act. This is consistent with the basic theory of the Workmen's Compensation Act. In *Madden's Case,* 222 Mass. 487, 494-495 (1916), it was stated that the Act's "ultimate purpose simply is to treat the cost of personal injuries incidental to the employment as a part of the cost of the business." See also *Ahmed's Case,* 278 Mass. 180, 183 (1932). See generally W. Prosser, Torts § 80, at 530-531 (4th ed. 1971). Prior decisions of this court have implicitly recognized that the Act applies only to employees whose employment is in the usual course of the employer's business. E.g., *Employers Mut. Liab. Ins. Co.* v. *Merrimac Mills Co.,* 325 Mass. 676 (1950) (construction of new building held to be in the usual course of business of woolen mill); *Hill's Case,* 268 Mass. 491 (1929) (washing windows of its buildings held to be part of day school's usual course of business).[4] The courts of

[4] There is an exception to the exclusion of nonbusiness employment. General Laws c. 152, § 26, as amended through St. 1973, c. 855, § 1,

most other jurisdictions are in accord with this approach. See generally 1C A. Larson, Workmen's Compensation § 50.21 (1980), and cases cited.[5]

We find no repugnancy between the definition of employee and the homeowner's exemption in the definition of employer. It is an established rule of statutory construction that allegedly conflicting provisions of a statute should, if possible, be construed in a way that is harmonious and consistent with the legislative design. *Everett* v. *Revere,* 344 Mass. 585, 589 (1962). *Price* v. *Railway Express Agency, Inc.,* 322 Mass. 476, 480 (1948). A person who does not fall within the homeowner's exemption because, for example, he does not "reside therein," or because the structure is not a "dwelling house," may, but need not necessarily, be an "employer." An "employer" is defined as one "employing employees subject to this chapter." The definition is dependent upon the definition of employee. A person cannot be an "employer" unless he hires an "employee." The exemption for homeowners does not purport to alter the relationship between those two terms. In another context this court has acknowledged an inconsistency in the definition of employee. *Ferris* v. *Grinnell,* 353 Mass. 681, 682-683 (1968)

provides in part: "[A]ny person who, while engaged in the usual course of his trade, business, profession or occupation, is ordered by an employer, or by a person exercising superintendence on behalf of such employer, to perform work which is not in the usual course of such work, trade, business, profession or occupation, and while so performing such work, receives a personal injury, shall be conclusively presumed to be an employee." This provision implicitly recognizes that the Act is intended to protect persons who are hired in connection with a business activity. This same recognition is suggested by the reference to this provision that is incorporated in the definition of employee in § 1 (4).

[5] Some States exempt employment only when it is *both* "casual" and not in the usual course of the employer's business. E.g., Ariz. Rev. Stat. Ann. § 23-901 (Supp. 1981); Ind. Code Ann. § 22-3-6-1 (Burns 1974). Under statutes such as these a nonbusiness employer who hires a carpenter to work on his home would be required to obtain workmen's compensation insurance if the employment was of such duration that it could not be called "casual." E.g., *Sandburn* v. *Hall,* 121 Ind. App. 428 (1951). The Massachusetts Act, however, does not require the employment to be casual in order to be exempt.

(noting a repugnancy between the purported inclusion of certain domestic servants within the Act's protection, and the exception for employment not in the usual course of the business of the employer). In the instant case, however, we construe the homeowner's exemption in a way which is consistent with the definitions of employee and employer, and which gives effect to the natural meaning of their words.

We recognize that our reasoning here suggests that the homeowner's proviso excepts from the terms of the Act only employment that is already excepted by the definition of employee, and that it is therefore of no independent significance under any circumstances.[6] If this is so, it does not render our reasoning any less valid. If we were to adopt the plaintiff's position, the exception for employment not in the usual course of the employer's business would be rendered of no effect. Without that exception, only the homeowner's exemption would remain to define the Act's application to nonbusiness employment (with the minor exception of a clause relating to certain domestic servants — see note 7, *infra*). Were we to adopt such a construction, the Act would then apply to all nonbusiness employment not falling within the exemption for homeowners. Coverage would be mandatory where a person hires another to wash his car, paint his boat, or babysit for his child. We do not believe that employments of this sort were intended to fall within the scope of the Act. Rather, we think the proviso relating to homeowners was the product of a legislative misunderstanding concerning the scope of the definition of employee. The exception for nonbusiness employment is so basic to the

---

[6] It could be argued that the homeowner's exemption still excludes from the Act's coverage the professional painter who hires someone else to paint his house, or the professional carpenter who hires another to build his garage, since here the employment would be in the usual course of business of the employer. In fact, however, it is doubtful that a court would construe the statute, absent the homeowner's exemption, to apply in such cases. While such employment is of the same nature as the employer's business, it probably would not be held to be "in the usual course" of that business.

definition of "employee,"[7] that it cannot be deprived of its force without drastically expanding the reach of the Act. This we decline to do.

For the above reasons, we conclude that the defendants were not required under the Massachusetts Workmen's Compensation Act to carry workmen's compensation insurance for the benefit of the plaintiff. The case is remanded to the Superior Court with judgment to be entered in accordance with this opinion.

*So ordered.*

---

[7] Between 1945 and 1972 the Act was elective for employers employing three or fewer persons. See St. 1945, c. 369. When this provision was eliminated in 1972, St. 1972, c. 374, § 1, the exception for employment not in the usual course of the employer's business became the primary clause in determining the Act's application. The Act still remains elective as to employers of seasonal, casual or part-time domestic servants. G. L. c. 152, § 1 (4).