McHugh, J.
Until recently, the principles governing summary judgment in Massachusetts were those the Supreme Judicial Court had articulated in Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Under those principles,
[t]he party moving for summary judgment assumes the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue, even if he [or she] would have no *408 burden on an issue if the case were to go to trial... If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment. (Footnote omitted.)
In the case of Kourouvacilis v. General Motors Corp., 410 Mass. 706 (1991), however, the Court embraced the principles set forth by the Supreme Court of the United States in Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Under those principles,
a party who moves for summary judgment has the burden of initially showing that there is an absence of evidence to support the case of the nonmoving party shouldering the burden of proof at trial.[1] That burden is not sustained by the mere filing of the summary judgment motion or by the filing of a motion together with a statement that the other party has produced no evidence that would prove a particular necessary element of this case. The motion must be supported by one or more of the materials listed in rule 56(c) and, although that supporting material need not negate, that is, disprove, an essential element of the claim of the party on whom the burden of proof at trial will rest, it must demonstrate that proof of that element at trial is unlikely to be forthcoming.
Kourouvacilis, supra, 410 Mass. at 714. As a consequence, there are now two ways in which the party moving for summary judgment may meet the burden imposed by Mass.R.Civ.P. 56. The first of those follows traditional Massachusetts law:
[T]he moving party may submit affirmative evidence that negates an essential element of the nonmoving party’s claim.
Kourouvacilis, supra, 410 Mass. at 715 quoting Celotex Corp. v. Catrett, supra, 477 U.S. at 331-32 (Brennan, J., dissenting). Second, however,
the moving party may demonstrate to the court that the nonmoving party’s evidence is insufficient to establish an essential element of the nonmoving party’s claim ... If the nonmoving party cannot muster sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law . . . Plainly, a conclusory assertion that the non-moving party has no evidence is insufficient . . . Such a “burden” of production is no burden at all and would simply permit summary judgment procedure to be converted into a tool for harassment . . . Rather, ... a party who moves for summary judgment on the ground that the nonmoving party has no evidence must affirmatively show the absence of evidence in the record.

Id .

Put another way,
a party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if he [or she] demonstrates, by reference to material described in Mass.R.Civ.P. 56(c), unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case. To be successful, a moving party need not submit affirmative evidence to negate one or more elements of the other party’s claim.
Kourouvacilis, supra, 410 Mass. at 716.
In applying that standard,
[w]here a moving party properly asserts that there is no genuine issue of material fact, “the judge must ask himself [or herself] not whether he [or she] thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). A judge’s mere belief that the movant is more likely to prevail at trial is not a sufficient basis for granting summary judgment.
Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
Those, then, are the principles the Court must apply to the motion defendants have filed here.
As to Count I, there can be no doubt on the present record that a joint venture existed between J.F. White Contracting Company, Interbeton, Inc. and Morrison Knudson Corp., that the joint venture employed plaintiff and that the joint venture procured workers compensation insurance that paid benefits to plaintiff after his accident. The joint venture agreement makes clear that all three venturers had a role in financing and managing the venture. On this record, then, there is no doubt about plaintiffs inability to bring a common-law action for negligence against the venturers.
As to Count II, there is no doubt on this record that no transaction in goods was involved. Without at least some kind of a transaction in goods, no warranty of the type on which plaintiff seeks recovery can arise. See generally G.L c. 106, §2-102.
Plaintiffs claim that neither J.F. White nor Inter-beton hired him and thus that neither can be his employer is unpersuasive. True, a statement that one cannot be an employee unless one is hired by the “employer” appears in Peters v. Michienzi, 385 Mass. 533, 537 (1982). That statement, however, was made in a very different context and cannot possibly have been intended to eviscerate the well-developed test for determining an employer-employee relationship that long has existed in Massachusetts jurisprudence. See generally Brigham's Case, 348 Mass. 140, 141-42 (1964).
Plaintiffs argument that it is too early to file a motion for summary judgment because the period for *409 discovery has not yet expired is equally unpersuasive. There have been no affidavits under Mass.R.Civ.P. 56(f). The fact that defendants moved promptly to prove what they contend, rightly on this record, is undeniable surely should not redound to their detriment.
ORDER
In light of the foregoing, it is hereby ORDERED that the motion of defendants J.F. White Contracting Co. and Interbeton, Inc. for summaryjudgment should be, and it hereby is, ALLOWED.

Kourouvacilis did not change the proposition that the moving party must show the absence of any genuine issue of material fact before the nonmoving party will be required to file any affidavit-based response of any kind. Smith v. Massimiano, 414 Mass. 81, 85-86 (1993).