## Margaret E. Murphy's Case.

No. 04-P-1412.

Suffolk. March 21, 2005. - June 28, 2005.

Present: Kantrowitz, Smith, & Graham, JJ.

*Workers' Compensation Act,* Action against employer, Appeal, Coverage, Decision of Industrial Accident Reviewing Board, Right to compensation.

A full-time domestic servant hired to work in a private home who brought a workers' compensation claim against the Workers' Compensation Trust Fund seeking weekly incapacity and medical benefits under the Workers' Compensation Act (Act), G. L. c. 152, §§ 13, 30, 34, 36, and 65(2)(*e*), was not an independent contractor excluded from its provisions [775-776], but rather was an employee covered by the Act, a result consistent with the legislative intent in amending the Act [776-778], and the equities favored retroactive application of the Act in its amended version to this case [778-779].

Appeal from a decision of the Industrial Accidents Reviewing Board.

*Deirdre H. Robbins* for the employers.

*Franklin Lewenberg* for the employee.

Smith, J. After responding to an advertisement for a full-time child care position that was placed in a local newspaper by the appellants, William and Zu Cowperthwaite, the claimant, Margaret E. Murphy, was interviewed and eventually hired to care for their eleven month old daughter in their home. Before she was hired in September of 2001 by the appellants, the claimant had been a professional child care technician ("nanny") for her entire working life, which covered thirty-eight years and five families. She worked for the appellants in excess of forty hours per week on a regular basis (Monday through Friday, 7:30 A.M. to 5:30 P.M.) at their residence in Dover, with no established termination date for her services. While working at the appellants' home on October 15, 2001, the claimant tripped on a rug on her way to answer the telephone, falling and lacerat-

ing her forehead as well as breaking her right shoulder. The appellants were uninsured for workers' compensation purposes and, as a result, the claimant brought a workers' compensation claim against the Workers' Compensation Trust Fund (Trust Fund), seeking weekly incapacity and medical benefits under the Workers' Compensation Act (Act), G. L. c. 152, §§ 13, 30, 34, 36, 65(2)(e). As a result of a motion by the Trust Fund, the appellants were joined as parties to the claim. Following a de novo hearing, an administrative judge ruled that the claimant was an "employee" within the meaning of G. L. c. 152, § 1(4), and thus awarded her benefits. The Trust Fund and the appellants appealed to the reviewing board of the Department of Industrial Accidents (reviewing board), which affirmed the decision of the administrative judge. Only the appellants have appealed to this court.[1]

On appeal, the appellants claim that (1) the claimant was an independent contractor and not an employee, that the administrative judge's findings of fact are insufficient on that subject, and that the reviewing board failed to even analyze the issue; (2) even if the claimant may be considered to be an employee under the common law, she was not an employee for purposes of the Act, by virtue of the definitional exception under G. L. c. 152, § 1(4)(g); and (3) if we determine that full-time domestic servants providing services in private households are employees covered by the Act, our decision should be applied prospectively and not to the present case.

1. *The independent contractor issue.* The claimant testified before the administrative judge that the appellants dictated her hours of work and provided directions as to certain activities that they expected her to perform each day.

The administrative judge found that the claimant was performing only those usual tasks associated with child care, including some laundry and meal preparation, that require no special training or expertise and that are normally done by members of any household if they are not in a position to hire others to assist them in those duties. There was no evidence that the claimant was offering her services to others at the same

---

[1] The single justice reported the matter without decision to a full panel of the court.

time she was employed by the appellants. The administrative judge expressly found that he was not persuaded by any of the testimony or arguments that she was an independent contractor.

The claimant's testimony supported her claim that she was not an independent contractor, and the administrative judge's findings on that issue are not arbitrary, capricious, or an abuse of discretion, nor do they reveal any error of law. See *Bell* v. *Sawyer*, 313 Mass. 250, 251-252 (1943). Contrary to the appellants' argument, the reviewing board adequately discussed and analyzed the independent contractor issue, explaining and agreeing with the administrative judge's decision. Contrast *Boston Edison Co.* v. *Department of Pub. Util.*, 417 Mass. 458, 465 (1994).

2. *The Act and full-time domestic servants.* The claimant argues, and the reviewing board agreed, that G. L. c. 152, § 1(4)(*g*), did not exclude her from being an "employee" subject to coverage under the Act.

We begin our analysis by noting that the "[t]he [workers'] compensation act is to be construed broadly to include as many employees as its terms will permit." *Warren's Case*, 326 Mass. 718, 719 (1951).

We focus our attention on the present statutory definition of "employee" in the Act in order to determine whether the claimant is an "employee" covered by the Act. In relevant part, G. L. c. 152, § 1(4), as amended by St. 1972, c. 374, § 1, defines an "[e]mployee" as

> "every person in the service of another under any contract of hire, express or implied, oral or written, *excepting . . .* (g) a person whose employment is not in the usual course of the trade, business, profession or occupation of his employer . . . ." (emphasis supplied).

It further states that

> "[t]he provisions of this chapter shall remain *elective* as to employers of seasonal or casual or part-time domestic servants. For the purpose of this paragraph, a part-time domestic servant is one who works in the employ of the employer less than sixteen hours per week." (Emphasis supplied.)

*Ibid.*

The appellants argued before the reviewing board that the claimant, working as a full-time domestic servant, is not an "employee" covered by the Act because she was not engaged in the "usual course of the trade, business, profession or occupation of [her] employer[s]."[2]

In answer to the appellants' argument, the reviewing board observed in part that "[i]t is the nature of the beast that domestic servants, working as they do in private households, will almost never be employed in the usual course of trade, business, profession or occupation of their employers." The reviewing board opined that "[i]f the Legislature had intended *all* domestic servants to fall outside the definition of employee in § 1(4), based on the 'not in the usual course of trade . . . ' exemption, it would not have specifically excepted from that definition, and therefore from mandatory coverage, 'seasonal or casual or part-time domestic servants' " (emphasis in original). The reviewing board then ruled that because the Act was elective as to part-time domestic servants, i.e., those who are in the employ of the employer for less than sixteen hours per week, coverage of full-time domestic servants was mandatory, notwithstanding the exception for nonbusiness employment. Therefore, because the claimant was a full-time domestic servant, the reviewing board concluded she was covered by the Act. We agree, and further observe that this result is consistent with the legislative intent as evidenced by a review of the recent statutory history of G. L. c. 152, § 1(4).

This case is not the first instance where an appellate court was asked to determine whether a full-time domestic servant working in a private residence is an "employee" protected by the Act. Discussing the issue in 1968, the Supreme Judicial Court stated, "[i]t is obvious that there is a repugnancy between [the definition of employee] and the purported inclusion of certain domestic servants within the Act's protection, for it is difficult to see how such servants would be employed 'in the usual course of the trade, business, profession or occupation of' the employer in the running of his home." *Ferris* v. *Grinnell*,

---

[2]It is undisputed that the appellants were both employed outside the home in the financial services industry and neither was in the business of child care.

353 Mass. 681, 683 (1968). Although the court noted that the provision, "it would seem, needs legislative clarification," it declined to resolve the issue because at the time, the Act's coverage was elective for employers who employed three or fewer domestic servants, and the plaintiff failed to establish that at the time of her injury there were more than three such servants in the householder's employ. *Id.* at 683-684. See G. L. c. 152, § 1(4)(*c*), as amended through St. 1960, c. 306.

Four years after *Ferris* was decided, the Legislature amended G. L. c. 152, § 1(4). It did not directly address the inconsistency discussed by the court in *Ferris*; instead, it eliminated the option of elective coverage for employers employing three or fewer persons, but retained elective coverage "as to employers of seasonal or casual or part-time domestic servants." G. L. c. 152, § 1(4), as amended by St. 1972, c. 374, § 1. It also retained the definition of "part time domestic servant [a]s one who works in the employ of the employer less than sixteen hours per week." *Ibid.*[3]

The Legislature was undoubtedly aware at the time of the 1972 amendment of the court's concern expressed in *Ferris* as to the inconsistency in the Act. *Commonwealth* v. *Sollivan*, 40 Mass. App. Ct. 284, 286 (1996) ("the Legislature is presumed to be aware of 'the decisions of [the Supreme Judicial Court]' "), quoting from *Condon* v. *Haitsma*, 325 Mass. 371, 373 (1950). It is clear to us that the 1972 amendment evinces a legislative policy to bring full-time domestic servants that are employed by individuals to work in their private residences within the requirements of coverage under the Act. That policy must be given effect. See *Tracy* v. *Cambridge Jr. College*, 364 Mass. 367, 374-376 (1973). Therefore, because the claimant was a full-time domestic servant, she was a covered employee under the Act.

3. *Conclusion.* We are unpersuaded by the appellants' request to apply our holding only in a prospective fashion. "To

---

[3]In a decision issued after the legislative amendment, the court again acknowledged the inconsistency in the definition of employee which it had noted in *Ferris*, i.e., the "repugnancy between the purported inclusion of certain domestic servants within the Act's protection, and the exception for employment not in the usual course of the business of the employer." *Peters* v. *Michienzi*, 385 Mass. 533, 538 (1982).

determine whether a case warrants an exception to the general rule of retroactivity, we look at three factors: 'the extent to which the decision creates a novel and unforeshadowed rule; . . . the benefits of retroactive application in furthering the purpose of the new rule; and . . . the hardship or inequity likely to follow from retroactive application.' " *Tamerlane Corp.* v. *Warwick Ins. Co.*, 412 Mass. 486, 490 (1992), quoting from *Schrottman* v. *Barnicle*, 386 Mass. 627, 631-632 (1982). Our decision was foreshadowed not only by prior cases that observed that an inconsistency existed in the definition of employee, *Ferris* v. *Grinnell*, 353 Mass. at 683, but also by the Legislature's systematic removal of the barriers that prevented coverage of full-time domestic servants in the past. Moreover, retroactive application furthers and effectuates the purpose of the Act as discussed above. We have considered the consequences to the appellants of our holding, and on balance we conclude that the equities favor retroactive application.

Accordingly, we affirm the decision of the reviewing board of the Department of Industrial Accidents. Additionally, the claimant shall be entitled to her reasonable attorney's fees and costs incurred in this appeal, pursuant to G. L. c. 152, §§ 12(3), 12A. See *Daly's Case*, 405 Mass. 33, 40-42 (1989). Within fifteen days of the rescript, the claimant shall submit to this court a petition for fees and costs, with supporting documentation, as described in *Fabre* v. *Walton*, 441 Mass. 9, 10-11 (2004). The appellants will be given fifteen days to respond.

*So ordered.*