Welch, Richard E., J.
INTRODUCTION
The scenario is hardly unique in these difficult financial times. A relatively new teacher, who has not yet attained “professional status” by being employed for three consecutive years, finishes the school year. After having labored with children and curriculum, our teacher then receives a one-sentence letter from the School District informing her that she will not be rehired for the next school year. This brief — if disheartening — written notice is sent, as required by Massachusetts law, before June 15th. A rather grim beginning of summer. Is that teacher legally entitled to a more fulsome explanation of the reasons why the District has cut her position so that she can appeal the decision to the school principal or superintendent? The answer is “no.”
This is a declaratory action, pursuant to G.L.c. 231A, in which the plaintiff, Karyn Laurano (“Laurano”), seeks a declaratory judgment from the court requiring the defendants, Richard Langlois (“Langlois”), the Saugus School Committee, and the Town of Saugus (collectively the “Defendants”), to employ her as a nurse for the 2009-2010 school year. The matter is currently before the court on the Defendants’ Motion to Dismiss. For the reasons set forth below, the Motion to Dismiss is ALLOWED.
BACKGROUND
For purposes of the Motion to Dismiss, the court accepts as true the factual allegations asserted in Laurano’s complaint. Berkowitz v. President & Fellows of Harvard Coll., 58 Mass.App.Ct. 262, 270 (2003).
During the 2007/2008 and 2008/2009 school years, Laurano served as an elementary school nurse in the Saugus Public School System. On June 8,2009, Laurano received a written notice from Langlois, as Superintendent of Schools in Saugus, dated June 4, 2009, which stated, in its entirety, “Pursuant to Massachusetts General Laws, Chapter 71, Section 41, as a teacher without professional status, this is official notification that you will not be employed for the 2009/2010 school year” (the “Notice”). On June 22, 2009, Laurano filed her complaint in the current action, asserting she is entitled to employment with the Saugus School System for the 2009/2010 school year because the Notice failed to meet the requirements established by G.L.c. 71, §42.
DISCUSSION
It is undisputed that the Education Reform Act of 1993, G.L.c. 71, §§1 etseq. (the “Act”), governs Laurano’s claims. The parties, however, dispute which section within the Act governs the sufficiency of the Notice.
Standard of Review
Pursuant to the standard of review adopted in 2008 by the Supreme Judicial Court for motions to dismiss, “a plaintiffs obligation to provide the ‘grounds’ of his entitle[ment] to relief requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ...” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). At the pleading stage, the plaintiff is required to present “factual allegations plausibly suggesting (not merely consistent with) an entitlement to relief, in order to reflect the threshold requirement . . . that the plain statement possess enough heft to sh[ow] that the pleader is entitled to relief.” Id. at 637, quoting Bell Atl. Corp., 550 U.S. at 557 (internal quotations omitted).
The Notice
The Defendants assert the notice requirements set forth in G.L.c. 71, §42 are not applicable to Laurano because she was not dismissed or demoted for cause. Rather, according to the Defendants, G.L.c. 71, §41 *442 governs the adequacy of the Notice, and this provision requires nothing more than written notice of non-renewal prior to June 15th. In response, Laurano argues that while G.L.c. 71, §41 establishes when notice must be given, G.L.c. 71, §42 specifies what constitutes sufficient notice. Specifically, Laurano asserts that G.L.c. 71, §42 sets forth the notice requirements for all types of dismissals and thus, the fact that she was terminated at the end of the school year, rather than mid-year for cause, does not take her outside the scope of this provision. The court is persuaded the Defendants’ view presents the more appropriate interpretation of the statutory provisions at issue.
General Laws c. 71, §41 provides, in relevant part, “[a] teacher without professional teacher status shall be notified in writing on or before June fifteenth whenever such person is not to be employed for the following school year. Unless such notice is given as herein provided, a teacher without such status shall be deemed to be appointed for the following school year.”[3] In contrast, G.L.c. 71, §42 states, in pertinent part,
[a] teacher who has been teaching in a school system for at least ninely calendar days shall not be dismissed unless he has been furnished with written notice of intent to dismiss and with an explanation of the grounds for the dismissal in sufficient detail to permit the teacher to respond and documents relating to the grounds for dismissal, and, if he so requests, has been given a reasonable opportunity within ten school days after receiving such written notice to review the decision with the principal or superintendent, as the case may be, and to present information pertaining to the basis for the decision and to the teacher’s status.
In interpreting the meaning of a statute, the court’s objective is to determine and effectuate the intent of the legislature in the situation presented. DiGiacomo v. Metropolitan Prop. & Cas. Ins. Co., 66 Mass.App.Ct. 343, 346 (2006). To achieve this objective, the court looks to the statutory language, and ascertains its meaning, keeping in mind the reasons why the statute was enacted, the “mischief or the imperfection to be remedied, and the main object to be accomplished.” BloomSouth Flooring Corp. v. Boys’ and Girls’ Club of Taunton, Inc., 440 Mass. 618, 622 (2003), citing Hanlon v. Rollins, 286 Mass. 444, 447 (1934). “Courts must ascertain the intent of the statute from all its parts and from the subject matter to which it relates, and must interpret the statute so as to render the legislation effective, consonant with sound reason and common sense.” DiGiacomo, 66 Mass.App.Ct. at 346, citing Champigny v. Commonwealth, 422 Mass. 249, 251 (1996). “(A]llegedly conflicting provisions of a statute should, if possible, be construed in a way that is harmonious and consistent with the legislative design.” Peters v. Michienzi, 385 Mass. 533, 537 (1982).
Construing G.L.c. 71, §42, as Laurano suggests, so as to apply to all separations from employment essentially makes G.L.c. 71, §41’s notice provision meaningless. This is contrary to well-established principles of statutory construction. Adamowicz v. Ipswich, 395 Mass. 757, 760 (1985) (stating a statute should not be interpreted “so as to render it or any portion of it meaningless”), citing Casa Loma, Inc. v. Alcoholic Beverages Control Comm’n, 377 Mass. 231, 234 (1979). The legislature did not intend for G.L.c. 71, §41 and G.L.c. 71, §42 to be blended together; the provisions apply to two distinct situations, i.e., dismissal (Section 42) and non-renewal of a teacher without “professional status” (Section 41). See Downing v. Lowell, 50 Mass.App.Ct. 779, 782 (2001) (stating “[a] dismissal is not the same as a non-renewal of a contract”), rev. denied by 434 Mass. 1102 (2001). While G.L.c. 71, §42 discusses the methods and means of dismissing a teacher for cause, G.L.c. 71, §41 sets forth the procedural mechanism for notifying an employee not entitled to professional teacher status that their contract will not be renewed for the following school year. The inclusion of G.L.c. 71, §41’s notice requirement would have been pointless, if the legislature intended G.L.c. 71, §42 to apply to all separations from employment.[4]
While this statutory analysis appears sound, there is a fly in the ointment. In affirming an arbitration arising from a collective bargaining agreement, the Appeals Court, in dicta, used the term “dismissal” in connection with a school’s non-renewal of a teacher who had not achieved professional status. Hull v. Hull, 69 MassApp.Ct. 860, 862-63 (2007). While the plaintiff relies heavily on the Hull decision, the Appeals Court did not confront the precise issue presented in this case. Given the clarity of the issue presented here, this judge is serenely confident that the Appeals Court would distinguish the Hull case and adopt this court’s reasoning.
Because Laurano was not dismissed for cause, the court concludes the requirements set forth in G.L.c. 71, §42 are not applicable to her. The Notice, sent prior to June 15th, indicating she would not be employed for the coming school year, was adequate pursuant to G.L.c. 71, §41. Laurano is not entitled to employment with the Saugus School System for the 2009/2010 school year.
ORDER
For the reasons explained above, it is hereby ORDERED that Defendants’ Motion to Dismiss be ALLOWED.

In addition, G.L.c. 71, §41 provides, in relevant part,"[f]or the purposes of this section, a . . . school nurse .. . who has served in the public schools of a school district for the three previous consecutive school years shall be considered a teacher, and shall be entitled to professional teacher status as provided in section forty-two." Because Laurano only *443 served in the Saugus School System for two years, she is not entitled to “professional teacher status.”

Furthermore, this interpretation makes the most sense from a practical perspective. The notice requirements set forth in G.L.c. 71, §42, i.e., written notice of intent to dismiss, detailed explanation of the grounds for dismissal, and an opportunity to respond, are not necessary for the non-renewal circumstances, but are logical when applied to the situation where a school employee is dismissed for cause. For example, if, as is the case here, there is no allegation of wrongdoing on the part of the employee, but his/her contract is nevertheless not renewed for budgetary reasons, a hearing disputing the non-renewal would be futile. Given the often uncertain budgetary constraints faced by schools before the next school year (i.e. before the June 15th statutory notice date), it frequently may be necessary to provide notice of non-renewal to a large number of newer teachers before the budget is set later in the year. Requiring a detailed explanation (e.g. “the district is uncertain about funding for next year and may need to eliminate numerous teaching positions; our hope is to offer you employment once funding becomes more certain; but, you are officially notified that your contract will not be renewed due to these budgetary constraints”) and providing the teacher an opportunity to respond and appeal makes little sense. After all, what is die teacher to respond and appeal? Is the teacher entitled to argue that she is certain there will be plenty of money in the future budget, that art class is more important than foreign language, that she is a better teacher than more experienced teachers who have attained “professional” status? None of these are practical scenarios.