795 A.2d 771 (2002)
143 Md. App. 771
David WATSON
v.
TWIN CITY FIRE INSURANCE COMPANY et al.
No. 502, Sept. Term, 2001.
Court of Special Appeals of Maryland.
March 4, 2002.
Reconsideration Denied May 1, 2002.
*772 Wallace Kleid (Margolis, Pritzker & Epstein, P.A., on the brief), Towson, for appellant.
Kevin J. O'Connell (O'Connell & O'Connell, on the brief), Rockville, for appellees.
Argued before DAVIS, HOLLANDER, and RAYMOND G. THIEME, Jr. (Retired, specially assigned), JJ.
RAYMOND G. THIEME, Jr., Judge, Retired, Specially Assigned.
Appellant, David Watson, Jr., the sole proprietor of a home improvement business, obtained an insurance policy from Twin City Fire Insurance Co. ("Twin City") for bodily injuries, fatal or nonfatal, accidently suffered in the course of his business, commonly known as Workman's Compensation Insurance. The policy was in force at the time Watson was injured while working. Having met his obligations under the policy by paying all premiums when due, Watson assumed that he was insured and that Twin City would fulfill its obligations under the policy. He filed a claim with the Maryland Workers' Compensation Commission ("Commission") for workers' compensation benefits. Twin City, although fully aware that Watson was a sole proprietor, promptly took the position that Watson was not a covered employee, because as a sole proprietor he failed to elect coverage for himself and thus was not entitled to the benefits of the Act. Watson made no objection to Twin City raising this issue before the Commission. The Commission determined that Watson was a covered employee under the Workers' Compensation Act ("Act") at the time of his accident. Twin City appealed that decision to the Circuit Court for Anne Arundel County. Both parties filed motions for summary judgment, raising the issue of whether Watson was entitled to benefits under the Act as a covered employee.
The circuit court entered summary judgment in favor of Twin City, reasoning that Watson in fact was not a covered employee *773 because he failed to comply with Md.Code (1991, 1999 Repl.Vol.), § 9-227 of the Labor & Employment Article. Watson appeals from that judgment and presents the following issue for our review:
Whether a sole proprietor who is the only employee of the business and who purchases workers' compensation insurance is entitled to workers' compensation benefits from the insurance company if the Workers' Compensation Commission is not notified of the election to be a covered employee under Labor and Employment Article § 9-227.
We reluctantly answer "no" to this question, and therefore must affirm the granting of summary judgment by the trial court.

I. Standard of Review
Maryland Rule 2-501(e) provides that a trial judge may grant summary judgment "if the motion and response show that there is no genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law." "In reviewing the grant of a summary judgment motion, we are most often concerned with whether a dispute of material fact exists." Lippert v. Jung, 366 Md. 221, 227, 783 A.2d 206 (2001). In the instant case, no material facts are in dispute. Watson concedes that he did not comply with the requirements set forth in § 9-227. The sole issue in this case is the interpretation of that statute. "Thus, when there is no dispute of material fact, as in this case, our review is limited to whether the trial court was legally correct." Lippert, 366 Md. at 227, 783 A.2d 206; see Goodwich v. Sinai Hosp. of Balto., Inc., 343 Md. 185, 204, 680 A.2d 1067 (1996). "We review the trial court's legal conclusions in a summary judgment order de novo." Matthews v. Howell, 359 Md. 152, 162, 753 A.2d 69 (2000). Bearing these considerations in mind, we turn to the instant case.

II. Discussion
This case turns on an interpretation of § 9-227, which expressly provides:
(a) In general.Unless an election is made in accordance with this section, a sole proprietor is not a covered employee.
(b) Election.A sole proprietor may elect to be a covered employee if the proprietor devotes full time to the business of the proprietorship.
(c) Notice of election.An election under this section is not effective until the proprietor submits to the Commission and to the insurer of the proprietor a written notice that names the individual who is to be a covered employee.
As always, "[t]he paramount object of statutory construction is the ascertainment and effectuation of the real intention of the Legislature." Webster v. State, 359 Md. 465, 479, 754 A.2d 1004 (2000). "Every quest to discover and give effect to the objectives of the legislature begins with the text of the statute." Huffman v. State, 356 Md. 622, 628, 741 A.2d 1088 (1999). Mindful of Bismark's admonition that to retain respect for sausages and laws, one must not watch them in the making, we nevertheless consider the language of the statute, giving the words their ordinary and natural meaning. Lewis v. State, 348 Md. 648, 653, 705 A.2d 1128 (1998). "If the legislature's intentions are evident from the text of the statute, our inquiry normally will cease and the plain meaning of the statute will govern." Adamson v. Correctional Med. Servs., 359 Md. 238, 251, 753 A.2d 501 (2000). Said in other words, "[t]he process of statutory construction is straightforward and, when the statute is clear and unambiguous, requires resort only to the words of the *774 statute." Webster, 359 Md. at 480, 754 A.2d 1004.
Upon our reading of § 9-227, we find its mandate unblurred and unambiguous. The legislature could make no clearer its intent that a sole proprietor is not a covered employee unless he makes the election to be a covered employee. This is a case in which Watson simply did not do that which he was required in order to benefit from the provisions of the statute.[1]
Watson concedes that he did not make the necessary election to be a covered employee, but contends that the "current mechanism for a sole proprietor to elect coverage has no mandatory requirement for notice and no sanction for failure to provide notice." We point out additionally that Watson provides no relevant legal authority in support of his contentions. We have said that "it is not this Court's responsibility to attempt to fashion coherent legal theories to support appellant's sweeping claims." Electronics Store v. Cellco Pshp., 127 Md.App. 385, 405, 732 A.2d 980 (1999).
In any event, we are unpersuaded by Watson's arguments. Contrary to Watson's belief, the statute does indeed require mandatory notice for election and does indeed provide for a sanction for failure to provide such notice. The general rule involving sole proprietors is that the owner is not a covered employee. Section 9-227 clearly provides an exception to that rule, but delineates specific conditions that must first occur before the exception takes effect. The term "covered employee" is defined by the Act in § 9-202, which states in pertinent part:
(a) In general.Except as otherwise provided, an individual, including a minor, is a covered employee while in the service of an employer under an express or implied contract of apprenticeship or hire.
This definition of a "covered employee" ordinarily would pose a problem for a sole proprietor attempting to receive benefits under the Act. In the instant case, Watson does not assert that an employment contract existed identifying him as an employee for hire. Indeed, generally no purpose would be served by the existence of such a contract, and it would be rather illogical for Watson to have a contract for hire with himself. Accordingly, the legislature in essence created what amounts to a legal fiction in this regard; it formulated § 9-227 as an exception so that a sole proprietor could receive benefits without the existence of an employment contract.
"Of course, in order to warrant payment of compensation under the Workmen's Compensation Act, it is essential that there should have existed at the time of the injury [an express or implied] contract of employment between the alleged employer and the injured workman." Lockerman v. Prince George's County, 281 Md. 195, 199, 377 A.2d 1177 (1977) (quoting) Sun Cab Co. v. Powell, 196 Md. 572, 579, 77 A.2d 783 (1951).
In Lockerman, the Court of Appeals said, "It seems apparent to us that in those situations where the legislature has desired to provide coverage to persons not encompassed by the ordinary contractual relationship of employer-employee, it has done so with specificity." 281 Md. at 201, 377 A.2d 1177. In the case at bar, that is precisely the result obtained through § 9-227. Ordinarily, a sole proprietor cannot receive benefits under the Act, but the legislature specifically created an exception *775 to that rule with its enactment of § 9-227.
Watson argues that § 9-227 does not require mandatory notice. We respond that it certainly does for an individual who actually wishes to benefit from its effect. It is plain that an individual who does not provide the appropriate notice pursuant to § 9-227 simply does not qualify for its coverage. Watson argues that the provision has no sanction for failure to provide notice. Common sense dictates that nothing could be further from the truth. In fact, we ask Watson to examine the predicament he now faces. The circuit court correctly applied the section to the circumstance of this case, and the result is that Watson does not qualify for coverage. Therein lies the very sanction that Watson denies even exists. To reiterate, § 9-227 clearly does provide a sanction for failure to provide notice. The section makes clear that one can only qualify for the exemption by providing the notice it requires. Nothing can be clearer than the following language used in subsection (a): "Unless an election is made in accordance with this section, a sole proprietor is not a covered employee." (Emphasis added.) Accordingly, the "missing sanction" is selfcontained in the statute itself. Without complying with the notice provision, one cannot be a covered employee under the Act. We find it clear that the legislature wished to offer the exception provided by this statute only if certain conditions are met by the sole proprietor wishing to qualify. A sole proprietor certainly is not obligated to elect to qualify for the exception. Thus, other than the inability to qualify for its benefit, no sanction is necessary for non-compliance.
Twin City offers a sound analogy that further sheds light on this reasoning, and we therefore adopt it here. Twin City compares these circumstances with the provision that one may apply for motor vehicle tags by mail. Certainly, it is not required that one utilize the mail to renew motor vehicle tags, as it is possible to walk into the proper government building and obtain tags in person. Consequently, one who does not go through the appropriate procedures to receive tags by mail foregoes the opportunity and must instead travel to the applicable building and take care of the responsibility along with everyone else. So, too, one who does not elect to qualify for the exception under § 9-227 must follow the general law and procedures and therefore receive no benefit of an exception.
Watson argues further that the requirement for a sole proprietor to elect to be a covered employee is illogical because
[i]f a sole proprietor of a one employee business purchases a policy of worker's compensation insurance and names himself as the sole employee, his obvious intention is to provide coverage for himself. The business had one employee.... Obviously, David Watson was the sole employee. Who else would the sole proprietor of a single employee business be insuring?
To this we reply that the "obvious intention" of a sole proprietorship is of no moment in our dissection. Moreover, Watson provides no relevant legal authority in support of these statements. We underscore once more that § 9-227 makes its mandate precisely clear. Nowhere within any of the relevant provisions is regard given for the "obvious intention" of the sole proprietorship. The manner in which Watson could have made his "obvious intention" in fact so obvious would have been actually to comply with the statute and elect to be a covered employee. According to the legislature, and thus in turn according to us, anything short of making that election was not obvious at all.
*776 Watson propounds other reasons as support for his position, but again provides no relevant authority. He points out that the insurer and the Commission could obtain notice through other means that he intended to insure himself as an employee. Whether there were other means through which notice may have been obtained is insignificant here. We have concluded that the mandate of the statute is clear, and we shall not disturb its plain meaning.
Watson adds that he was unaware of the requirement to elect, and that his insurance agent failed to inform him of this provision. He fails to provide us with relevant authority demonstrating that intent or knowledge are factors to be considered in these circumstances. Whether he has a legitimate gripe with his insurance agent is a matter obviously outside the scope of this case. Nevertheless, we cannot directly contradict the legislative mandate because of his ignorance of the law. The legislature excluded such considerations from the scope of the statute, and we shall not disturb its intent.
We commiserate with Watson, who must drink these bitter dregs served up through our interpretation of the statute. But the legislature has spoken, and its voice is loud and clear on this issue. Accordingly, we find that Watson's injuries are not compensable under the Act. The circuit court correctly granted summary judgment in favor of Twin City.
JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.
NOTES
[1] As of the date of oral argument, Watson still had not made an election to be a covered employee. We note that the statute is silent as to the time within which this election must be made.