Dear Thomas Patrick O'Reilly, Chairman Workers' Compensation Commission
You have asked for our opinion whether a business that is not an employer for purposes of the Workers' Compensation Act ("Act") must obtain a certificate of compliance from the Workers' Compensation Commission ("Commission") as a prerequisite to obtaining various types of business licenses and permits.
In our opinion, the applicable statutory provisions do not require a business that is not an "employer" under the Act to obtain a certificate of compliance from the Commission. Therefore, a State or local agency may not condition the issuance of a license or permit to that entity on provision of a certificate of compliance.[1]
 I Statutory Provisions
A. Workers' Compensation Act
The Maryland Workers' Compensation Act, Annotated Code of Maryland, Labor Employment Article ("LE"), § 9-101 et seq., is intended to ensure that employees receive compensation for occupation-related disabilities. R.P. Gilbert and R.L. Humphreys, Jr., Maryland Workers' Compensation Handbook § 2.1 (2d ed. 1993).
The Act requires an employer to provide workers' compensation coverage through one of four sources: an authorized commercial insurance carrier, the Injured Workers Insurance Fund, a qualifying self-insurance group, or a self-insurance plan acceptable to the Commission. LE § 9-402(a); 86 Opinions of the Attorney General ___ [Opinion No. 01-022 (September 10, 2001)], slip op. at 2.
The fundamental premise for application of the Act is the existence of an employer-employee relationship. See LE § 9-201
(the Act applies to "each person who has at least 1 covered employee. . ."); LE § 9-202(a) (individuals who are "in the service of an employer" are covered employees for purposes of the Act).[2] A sole proprietorship or a partnership without any employees would not ordinarily be subject to the Act since the entity would lack any "covered employees," although such an entity may voluntarily elect coverage.[3]
 B. Evidence of Coverage as Condition of Licensure
The Maryland Workers' Compensation Act requires that an employer document its workers' compensation coverage as part of obtaining a license or permit. The Act provides that:
Before a governmental unit may issue a license or permit to an employer to engage in an activity in which the employer might employ a covered employee, the employer shall submit to the governmental unit:
(1) a certificate of compliance with [the Act]; or
(2) the number of a workers' compensation insurance policy or binder.
LE § 9-105(a).[4]
Statutory provisions similar to LE § 9-105(a) appear with respect to specific licenses or permits throughout the Code.[5]
Although the precise language and scope of these provisions varies, the basic premise is the same: an employer must provide evidence of workers' compensation coverage of its employees as a condition of obtaining a license or permit.
The Act prescribes certain procedures for issuance of a certificate of compliance. LE § 9-105(b) — (e). Although the statute contemplates that the Commission will adopt regulations for the administration of the certificate of compliance program, LE § 9-105(f), regulations apparently have never been adopted.
 II Administrative Practice
Under LE § 9-105, an employer with workers' compensation coverage may document that coverage for a licensing agency by presenting either a policy or binder number or a certificate of compliance issued by the Commission.[6] However, the Commission, as a matter of administrative practice, does not issue certificates of compliance to employers but rather directs employers to submit a policy or binder number to the appropriate licensing agency. In particular, the Commission's instruction sheet for completing the application form for a certificate of compliance indicates that the Commission does not issue certificates of compliance for employers with coverage. Similarly, the application form itself, in listing the types of entities eligible to receive a certificate of compliance, includes only entities without employees or otherwise exempt from the obligation to have workers' compensation coverage, including, for example, sole proprietorships and partnerships without employees. See Commission Form A52 (Rev. 12/1/00).
The certificate of compliance form used by the Commission states that "[t]he sole purpose of a Certificate of Compliance is to identify those businesses which are not required to carry workers' compensation insurance coverage and to enable that business to apply for and obtain a license or permit from a government agency that requires proof of workers' ompensation insurance coverage." The form further indicates that it is issued "[b]ased solely on the application submitted . . . by the [named] individual/business. . . ."
In summary, as a matter of practice, the Commission reserves "certificates of compliance" for entities that are not subject to the Workers' Compensation Act and that are thus not required to comply with the Act. Moreover, the Commission has apparently adopted the view that a business without covered employees must apply to the Commission for a certificate of compliance as a condition of receiving a license or permit. The "certificates of compliance" that the Commission issues are not based on a review of Commission records or any investigation of the entity's business, but rather simply reiterate the entity's assertion that it has no covered employees and is not subject to the Workers' Compensation Act.[7] The document issued by the Commission might be more accurately described as a self-certification of non-coverage.
 III Analysis
In your opinion request, you posit a situation in which a sole proprietorship or partnership without any employees seeks a license or permit from the State or a local government. You ask whether that business must obtain a certificate of compliance from the Commission as a condition of obtaining the license or permit. The answer to your inquiry turns on the proper interpretation of LE § 9-105(a).
As the Court of Appeals has frequently noted, the goal in construing a statute is to ascertain and implement the intent of the Legislature. See, e.g., Mona Electric Co. v. Shelton,377 Md. 320, 325, 833 A.2d 527 (2003). In determining that intent, the Court looks first to the words of the statute "on the tacit theory that the Legislature is presumed to have meant what it said and said what it meant." 377 Md. at 325-26 (citations omitted). Generally, there in no need to look further when the language of a statute is clear both on its face and in context. Waters v. Pleasant Manor Nursing Home, 361 Md. 82, 103,760 A.2d 663 (2000).
The language of LE § 9-105(a) is clear and unqualified: before a State or local agency issues a license or permit to "an employer" to engage in an activity that may involve one or more employees, "the employer" must file evidence of workers' compensation coverage with the licensing authority. A sole proprietorship or partnership without a covered employee and without any intention of hiring an employee in connection with the licensed activity is simply not an "employer" for purposes of LE § 9-105(a) and the parallel provisions elsewhere in the Code. See, e.g., Waters v. Pleasant Manor Nursing Home, 361 Md. at 103, citing Polomski v.
Mayor and City Council of Baltimore, 344 Md. 70, 75,684 A.2d 1338 (1996) (words in statute to be given "ordinary and common meaning within the context in which they are used"). Such an entity has no obligation under LE § 9-105(a) to provide evidence of insurance coverage — either by certificate of compliance or policy number — that it is not required to maintain.[8]
The available legislative history provides no basis for believing that the Legislature meant anything different from what it said. See, e.g., 86 Opinions of the Attorney General ___ [Opinion No. 01-011 (March 13, 2001)], slip op. at 7 (even when statutory language is clear, legislative history may be consulted to determine legislative purpose). Since its enactment in 1975, the statute has continuously linked the obligation to submit evidence of coverage to the entity's status as an employer under the Workers' Compensation Act.[9] When the predecessor of LE § 9-105(a) was first enacted, it referred solely to the obligation of an "employer." Chapter 657, Laws of Maryland 1975.[10]
Furthermore, the fiscal note accompanying the original bill referred only to the obligation of an employer:
 This bill would strengthen enforcement of the Workmen's Compensation Law by requiring the State, county or municipality, prior to issuing a license or permit to an employer of one or more employees, to have the employer file a certificate of compliance with the issuing authority. . . .
Fiscal Note on House Bill 181 (1975) (emphasis supplied). In estimating the cost of implementing the bill, the fiscal note indicated that the bill "applied to about 20,000 applicant-employers . . ." Id. [11]
As originally introduced, the 1975 legislation would have required an employer seeking a license or permit to submit to the issuing authority a certificate of compliance issued by the Commission. See House Bill 181 (1995). However, the Legislature amended the bill to allow an alternative means of proving coverage i.e., submission of an insurance policy or binder number apparently to eliminate possible delay in the processing of a license or permit application, which might have resulted if the only acceptable proof of coverage were a certificate of compliance. It is evident that the certificate of compliance was envisioned as one of two alternative means for an employer to prove coverage to a licensing agency.
A requirement that a business that is not an employer for purposes of the Act formally make that assertion to the Commission and obtain a certificate to that effect may encourage compliance with the Workers' Compensation Act. Nevertheless, even if it advances an apparent goal of the Legislature, one cannot, as a matter of statutory construction, "add . . . words in order to give the statute a meaning not otherwise communicated by the language used." Harris v. Bd of Education of Howard County,375 Md. 21, 31, 825 A.2d 365 (2003), citing Blind Industries v. Dep't. of General Services, 371 Md. 221, 231, 808 A.2d 782
(2002). The Legislature addressed the obligation of an "employer" to provide evidence of compliance with the Workers' Compensation Act when seeking a license or permit. It did not require all license applicants, regardless of their status as employers, to provide certifications concerning application of the Act. Thus, in our opinion, a sole proprietor or partnership that is not an employer, and does not plan on becoming an employer in connection with the activity for which the license or permit is sought, is not obligated to obtain a certificate of compliance from the Commission as a condition of receiving the license or permit.
 IV Conclusion
A sole proprietor or partnership that seeks a license or permit from a State or local agency is not required to submit a certificate of compliance from the Commission with its license application if it has no covered employees and does not intend to hire any. The certificate of compliance requirement of LE § 9-105(a) and similar provisions throughout the Code apply only to those entities that are employers for purposes of the Workers' Compensation Act.
J. Joseph Curran, Jr. Attorney General
William R. Varga Assistant Attorney General
Robert N. McDonald Chief Counsel Opinions Advice
[1] Our conclusion is consistent with a letter of advice by former Assistant Attorney General Julia M. Andrew. See Letter to Ms. Dorsey Hile, Assistant Chief Deputy Clerk, Circuit Court for Anne Arundel County (February 6, 2003).
[2] In the parlance of the Act, the term "covered employee" refers to employees for whom coverage is required. The term is defined as:
 . . . an individual listed in Subtitle 2 of [the Act] for whom a person, a governmental unit, or a quasi — public corporation is required by law to provide coverage under [the Act].
LE § 9-101(f).
[3] A sole proprietor who devotes full time to the proprietor's business may elect to be covered under the Act by providing written notice of the election to both the Commission and the proprietor's insurer, even though the sole proprietor has no other employees. LE § 9-227; Watson v. Twin City Fire Ins. Co.,143 Md. App. 637, 795 A.2d 771 (2002) (failure to notify Commission defeated election under Act). See also 62 Opinions of the Attorney General 936,940 (1977) (sole proprietor is an employer because he has one employee (himself) and may elect to obtain coverage under the Act). A similar option is available to a partner in a partnership. While a partner normally is not a covered employee, a partnership may elect to provide coverage under the Act to a partner who devotes full time to the business. LE § 9-219. In contrast, an officer of a corporation or a member of a limited liability company is a covered employee if the officer or member provides service to the business for monetary compensation. However, a corporate officer or LLC member may elect to opt out from coverage under certain circumstances. LE § 9-206.
[4] The Labor and Employment Article defines the term "governmental unit" to mean "(1) the State; (2) a county, municipal corporation, or other political subdivision of the State; or (3) a unit of the State government or of a political subdivision." LE § 1-101(c).
[5] See Article 2B, § 9-104; Article 23A, § 48; Article 24, § 1-106; Article 25, § 231; Article 30, § 10A; § 1-201 of the Agriculture Article; § 1-202 of the Business Occupations and Professions Article; § 1-205 of the Business Regulation Article; §§ 2-209 of the Courts and Judicial Proceedings Article; § 1-202 of the Environment Article; § 5-511 of the Family Law Article; § 1-203 of the Financial Institutions Article; § 1-202 of the Health General Article; § 1-202 of the Health Occupations Article; § 1-202 of the Labor and Employment Article; § 1-401
of the Natural Resources Article; § 11-107(d) of the Public Safety Article; § 5-106 of the Public Utility Companies Article; 10-401 of the State Government Article; § 1-204 of the Tax-General Article; and § 1-102 of the Transportation Article.
[6] The Commission has access to records from which it could, in theory, verify workers' compensation coverage of employers. Commercial insurance companies and the Injured Workers' Insurance Fund are required to report issuance, renewals, and cancellations of workers' compensation policies to the Commission's designee, the National Council on Compensation Insurance. COMAR 14.09.01.05. See also Annotated Code of Maryland, Insurance Article ("IN"), § 19-406 (cancellations by insurers). Thus, the Commission would be able to verify the status of most employers' coverage through the Council's database.
The Commission apparently would be able to verify the status of private sector employers that self-insure or participate in self-insurance groups, through either the Commission's records or records of the Insurance Commissioner. See LE § 9-405 and IN § 25-301 et seq.
[7] The Commission's practices have not been incorporated in the Commission's regulations. In any event, such a regulation would be inconsistent with the applicable statutes, for the reasons set forth in this opinion.
[8] To be sure, there may be circumstances in which a sole proprietor or partnership without employees might still be a statutory employer responsible for a subcontractor's employees. LE § 9-508. Furthermore, other special relationships, outside the traditional employer-employee relationship, could result in "covered employ[ment]" under the Act. See LE 9-201 et seq.
[9] The 1975 legislation arose out of a 1973 recommendation by the Governor's Commission to Review Laws Governing Workmen's Compensation. While the Commission described the goal in terms of "persons doing business," the legislation introduced on behalf of the Commission referred solely to "employers."
[10] The term "employer" was defined under the provisions of the workers' compensation law then in effect as follows:
 "Employer" means those persons who fall within the requirements of § 21(a) of this article concerning a person, partnership, association, corporation, and the legal representatives of a deceased employer, or the receiver or trustee of a person, partnership, association or corporation employing workmen.
Annotated Code of Maryland, Article 101, § 67(2) (1974 Cum. Supp.) (emphasis added).
[11] The only suggestion that the bill would affect sole proprietorships was in a letter from the State Licensing Bureau of the Comptroller's Office, requesting an exemption for licenses administered by the Bureau, but issued by the Clerks of the Courts, on the ground that sole proprietorships might otherwise experience a delay in obtaining licenses.
Letter from Thomas P. Danaher, Chief Licensing Inspector, to Honorable Charles J. Krysiak, Chairman, Constitutional and Administrative Law Committee (February 3, 1975). It is not clear that the Bureau's objection was based on its belief that the law would require a sole proprietor to obtain a certificate of compliance, as opposed to create confusion in clerk's offices. In any event, the Legislature did not adopt the Bureau's suggestion. It is unclear whether the Legislature rejected the Bureau's position as a matter of policy, disputed the Bureau's interpretation of the bill's effect, or rejected the Bureau's position for some other reason.
Regardless, the Legislature's failure to adopt a suggested amendment generally sheds little light on legislative intent. See, e.g., McCulloch v. Glendening, 347 Md. 272, 289-90, n. 13,701 A.2d 99 (1997). *Page 205