30265. HUIET, commissioner, *v.* BROWN.

DECIDED FEBRUARY 18, 1944.

Clifford Walker, Otis L. Hathcock, for plaintiff.

PARKER, J. Ben T. Huiet, Commissioner of the Department of Labor of Georgia, and ex-officio administrator of the unemployment-compensation law, brought suit in the superior court of Floyd County to recover contributions or taxes amounting to $217.75, and additional sums, with interest, under the unemployment compensation law, against J. M. Brown as the surviving partner of a partnership composed of J. M. Brown and J. F. Brown, deceased, which was doing business and trading as Brown Transfer & Storage Company and as City Supply and Vulcanizing Company from January 1, 1937, to May 26, 1941, the date of the death of J. F. Brown, and was doing business and trading as County Line Liquor Store from April 1, 1938, to May 26, 1941. The petition alleged that the partnership was an employer under the terms of the Georgia unemployment compensation law, for the reason that the partnership composed of the defendant and J. F. Brown, operating the three businesses alleged, had in its employ eight or more covered workers for some part of a day during each of twenty different weeks within each and every calendar year beginning with 1937 and extending through 1941; "that the partnership, doing business under the trade names herein mentioned, employed workers who were interchangeable and performed services for each of said businesses, some being paid for services rendered to the partnership by each of said businesses." This was expressly admitted by the defendant. The petition contained a bill of particulars showing the amount sued for, and alleged that it covered only a part of the employees of the partnership, and further alleged that the partnership had failed and refused to pay the amount due the bureau, and to make reports showing the names and amounts paid to employees, although demand for reports and payment had been continually made on the partnership and on the defendant.

The defendant demurred generally to the petition on the ground that it set forth no cause of action, and that no facts were alleged showing any liability of the defendant. The court sustained the demurrer and dismissed the petition, assigning as reasons therefor: (1) that the alleged partnership did not constitute one employing

unit under the unemployment compensation law; that the three businesses of the firm were separate entities, and could not be considered jointly for the purpose of bringing the partnership within the terms of the said law; and since it did not appear that any one of the said businesses employed eight or more as required by the law, the petition set forth no cause of action against the defendant; and (2) that the plaintiff had not attached a sufficient bill of particulars, and did not by his allegations excuse the failure to furnish particulars respecting the number of employees of the three alleged businesses and the wages paid to them. To these rulings the plaintiff excepted.

■ In determining whether the trial judge erred in sustaining the general demurrer to the petition, it is first necessary to determine whether the arrangement described in the foregoing facts and alleged in the petition constituted one partnership employing eight or more workers, or whether the arrangement amounted to three separate partnerships and entities, no one of which employed as many as eight. It is the opinion of this court that only one partnership existed, which was a partnership engaged in three separate lines of endeavor. A partnership enterprise cannot be divided, without some sanction of law, into more than one legal entity. Under the laws of this State a partnership is not a being distinct from the members who compose it. *Chambers* v. *Sloan,* 19 *Ga.* 84, 85; *Harris* v. *Visscher,* 57 *Ga.* 229, 232; *Drucker* v. *Wellhouse,* 82 *Ga.* 129, 132 (8 S. E. 40, 2 L. R. A. 328). The petition alleged one partnership engaged in three businesses under three trade names. The general demurrer necessarily admitted the allegations. The order of the trial judge sustaining the demurrer comprehends only one partnership. If only one partnership existed, and if that partnership employed a total of eight or more workers during the times specified in the unemployment compensation law, the firm necessarily fell within the provisions of said law as recited in the Code, § 54-657, to wit: " (f) 'employing unit' means any individual or type of organization, including any partnership . .;" and " (g) (1) 'employer' means any employing unit, which . ., has or had in its employment eight or more individuals." Paragraph (4) of subsection (f) of § 54-657 is not applicable to this case, for if there be only one partnership, there is only one employing unit, and there is no attempt to join employ-

ing units. The defendant's defense and the order of the trial judge, as regards the subject "employing unit," were apparently predicated upon a contention and belief that paragraph (4) of said subsection was applicable. The cases decided by the appellate courts of this State, which hold certain enterprises not subject to the tax because of the unconstitutionality of paragraph (4), have all been cases in which there were present a diversity of persons, such as: an individual and a partnership, an individual and a corporation, or two corporations and an individual, etc. In none of the cases was there involved one partnership engaged in a diversity of businesses. See *Johnson* v. *Huiet*, 67 *Ga. App.* 638 (21 S. E. 2d, 437), holding in effect that an individual may not escape liability for the tax by placing under the direction of another one of the enterprises owned and operated by such individual.

The order sustaining the demurrer to the petition recited as a further reason for the ruling, that the plaintiff could not excuse his failure to secure information and to annex to the petition an itemized statement describing all the employees of the firm and their wages and the amounts of the taxes. However, there was attached to the petition a bill of particulars covering a portion of the alleged information (the sum certain sued for and the supporting calculations). The petition showed a right to recover in some amount, and the court erred in dismissing the action on general demurrer.

*Judgment reversed.   Sutton, P. J., and Felton, J., concur.*