## JAMES W. RYDER'S CASE.

Suffolk. November 9, 1960. — January 12, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Workmen's Compensation Act,* To whom act applies, Employment, Partnership. *Trust,* Business trust. *Partnership,* What constitutes. *Words,* "Person in the service of another."

A carpenter, who was one of two trustees and one of three beneficiaries of a trust, not having transferable shares, formed to acquire and hold property and to engage in business, with power in the beneficiaries to appoint successor trustees, to join with the trustees in terminating the trust, and to alter the terms thereof, and who worked for the trust for a weekly wage under the direction of his cotrustee and did not participate in the management of the trust business, was not a "person in the service of another" within G. L. c. 152, § 1 (4), and was not entitled to be paid workmen's compensation by the trust's insurer upon sustaining an injury arising out of and in the course of his work.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *DeSaulnier, J.*

*Alfred L. Morin,* (*John P. Mulvihill* with him), for the claimant.

*Daniel A. Canning,* for the insurer.

SPALDING, J.   On July 26, 1955, James W. Ryder, hereinafter called the claimant, fell from a roof on which he was working, and was injured.   That his injury arose out of and in the course of his work is not in issue.   The sole question is whether he was an employee within the intendment of G. L. c. 152.   The single member ruled that he was, and awarded compensation; the reviewing board ruled that he was not, and denied compensation.   The Superior Court entered a decree in accordance with the reviewing board's decision, from which the claimant appealed.

The facts, as to which there is virtually no dispute, are these.   On February 25, 1954, the claimant, together with a son, Elvin C. Ryder, and the latter's wife, assumed to enter into a business association under a "Declaration of Trust."   By its terms "they purported to form, and did subsequently operate, the Ryder Realty Trust," of which they were the sole beneficiaries.   Two of them (the claimant and his son, Elvin) were named trustees, to whom in such capacity and for the purposes set forth in the declaration "certain funds, credits and other assets" would thereafter be conveyed.   The trust was not one with transferable shares subject to G. L. c. 182.   The instrument was recorded in the appropriate registry on March 5, 1954.

In May or June, 1955, Elvin C. Ryder talked with one Corcoran, an insurance agent and broker, with a view to obtaining workmen's compensation insurance for the trust. Ryder informed Corcoran of the nature of the trust and asked him if "the trustee, James Ryder [the claimant], would be covered."   Corcoran stated that he "would check with the Travelers [the insurer] to make sure."   Thereafter Corcoran consulted with officials of the Travelers Insurance Company and it issued a policy of workmen's compensation insurance for the period of July 1, 1955, to July 1, 1956.   The insured named in the policy was "Ryder Realty Trust, Elvin C. Ryder and James W. Ryder, Trus-

tees.'' The premiums were based on an annual payroll of $7,000, the estimated wages of the claimant and his son.

Prior to the formation of the trust, Elvin was in the business of buying land, and building homes on speculation and under contract. The same business was carried on under the trust. The claimant, who had been employed as a carpenter by his son prior to the formation of the trust, continued to work for the trust in the same capacity after its formation, for which he was paid a weekly wage of $50. The claimant took orders from his son and did not participate in the management of the business.

The reviewing board, after analyzing the provisions of the declaration, concluded that it created what was in legal effect a partnership and that the claimant, as one of the partners, could not be an employee of the partnership.

By § 1 (4) of c. 152 an employee, with exceptions not here material, is defined as ''every person in the service of another under any contract of hire, express or implied.'' The pivotal question is whether, in view of the declaration of trust, the claimant brings himself within this definition. It becomes necessary, therefore, to summarize the salient provisions of the trust. Under the declaration, the trustees were to have the power ''[t]o hold, manage and control . . . [the assets originally conveyed to them], together with any further sums of money, credits, other personal property and real estate . . . which . . . may . . . be conveyed to or acquired by them in their capacity as Trustees . . . ; to invest and reinvest said principal and proceeds thereof . . . .'' In ''making and retaining investments . . . [the] Trustees shall have as full and unlimited power as if said Trust estate and property were their own absolute estate . . .''; they ''shall have the power to carry on any business operations deemed by them necessary, advisable or desirable in connection with any of the objects of this Trust . . .''; and they ''shall not be responsible to the beneficiaries . . . except for their wilful default, doings, and omissions.'' The trustees were not to have power to incur any liabilities binding on the beneficiaries. The beneficiaries could appoint

successor trustees, share in the income from the trust (except that the one-half share allocated to the claimant was to terminate on his death), join with the trustees to terminate the trust prior to the end of its declared five year life, and "alter, change or amend the terms and conditions of this Trust . . . ."

The claimant was not in the service of another when working for himself and another under this declaration of trust. There is no basis for holding that the instrument created an entity independent of the claimant.

For many purposes, at least, a declaration of trust of the sort under consideration is held to create a partnership because of the power in the beneficiaries to take charge of the affairs of the organization at any time. See *Frost* v. *Thompson,* 219 Mass. 360, 365–366; *Howe* v. *Chmielinski,* 237 Mass. 532, 534–535; *Neville* v. *Gifford,* 242 Mass. 124; *Flint* v. *Codman,* 247 Mass. 463, 469–470; *First Natl. Bank* v. *Chartier,* 305 Mass. 316, 320–321; *State St. Trust Co.* v. *Hall,* 311 Mass. 299, 300–301. Warren, Corporate Advantages Without Incorporation, 381 (1929). Compare Wrightington, Unincorporated Associations (2d ed.) § 14, pp. 68–69. Although the declarations in the cases just cited differ in some respects from the declaration here, they are essentially the same. The claimant as both a trustee and a beneficiary had the same sort of power he would have had in an ordinary partnership.[1]

As was indicated in *State St. Trust Co.* v. *Hall, supra,* at pages 302–303, a purported trust which in legal effect is a partnership is treated in certain respects like a corporation. Similarly a partnership is considered as an entity in certain situations. *United States* v. *A & P Trucking Co.* 358 U. S. 121, 126–127. Crane, The Uniform Partnership Act; A Criticism, 28 Harv. L. Rev. 762, 766–774 (1915). Magruder and Foster, Jurisdiction over Partnerships, 37 Harv. L. Rev. 793 (1924). Dodd, Dogma and Practice in the Law of Associations, 42 Harv. L. Rev. 977, 998–1006

---

[1] General Laws c. 108A, § 18 (e), provides: "All partners have equal rights in the management and conduct of the partnership business."

(1929). Note, 97 U. of Pa. L. Rev. 52 (1948). The entity theory with respect to partnerships has been applied primarily in limited aspects, such as in the areas of taxation and jurisdiction. Generally "the pluralistic notion of the firm" prevails. *Helvering* v. *Smith,* 90 F. 2d 590, 591 (2d Cir.) (L. Hand, J.). Williston, The Uniform Partnership Act, 63 U. of Pa. L. Rev. 196, 208 (1915). We think, however, that there is no basis for applying the entity theory to this case.

In the workmen's compensation field it appears that with the exception of one jurisdiction (Oklahoma[1]) every court where this issue has arisen has held that working partners are not employees within the meaning of the statutes.[2] We recognize that "[t]he workmen's compensation act is to be construed broadly to include as many employees as its terms will permit." *Warren's Case,* 326 Mass. 718, 719. But, as Professor Larson observes, "[A] partnership is not, except for a few specific purposes, an entity separate from its members. Therefore, since the partnership is nothing more than the aggregate of the individuals making it up, a partner-employee would also be an employer. The compensation act cannot be supposed to have contemplated any such combination of employer and employee status in one person. This difficulty, standing alone, might not be insuperable, since it would be perfectly possible to say that the intention of compensation legislation was to treat the

[1] *Ohio Drilling Co.* v. *State Industrial Commn.* 86 Okla. 139.

[2] *Cooper* v. *Industrial Acc. Commn.* 177 Cal. 685. *United States Fid. & Guar. Co.* v. *Neal,* 188 Ga. 105. *In re W. A. Montgomery & Son,* 91 Ind. App. 21. *Wallins Creek Lumber Co.* v. *Blanton,* 228 Ky. 649. *Dezendorf* v. *National Cas. Co.* 171 So. 160 (La. App.). *Pederson* v. *Pederson,* 229 Minn. 460. *Chambers* v. *Macon Wholesale Grocer Co.* 334 Mo. 1215. *Rasmussen* v. *Trico Feed Mills,* 148 Neb. 855. *Matter of Lyle* v. *H. R. Lyle Cider & Vinegar Co.* 243 N. Y. 257. *Gebers* v. *Murfreesboro Laundry Co.* 159 Tenn. 51. *Millers' Indem. Underwriters* v. *Patten,* 238 S. W. 240 (Tex. Civ. App.). *Rockefeller* v. *Industrial Commn. of Utah,* 58 Utah, 124. *Ellis* v. *Joseph Ellis & Co.* [1905] 1 K. B. 324 (approved by implication, *Emery's Case,* 271 Mass. 46, 48). See *Auten* v. *Unemployment Compensation Commn.* 310 Mich. 453. Compare *Albertini* v. *Hull Lease,* 54 Idaho, 30 (involving a mining partnership similar to a corporation) ; *Carle* v. *Carle Tool & Engr. Co. Ltd.* 36 N. J. Super. 36 (involving a limited partnership similar to a corporation). By statute, working partners receiving wages beyond their share in the profits are employees in California (Cal. Labor Code Ann. § 3359 [1953]), Michigan (Mich. Comp. L. c. 411.7 [1948] as amended), and Nevada (Nev. Rev. Sts. § 616.055).

partnership as an entity in order to effectuate its beneficient purposes. . . . It is a much heavier task to segregate the partnership entity to such an extent that the same person can be both employer and employee." Larson, Workmen's Compensation Law, § 54.31. With these views we are in agreement.

We assume that there are also circumstances in which a trust may be deemed an entity independent of the trustees or beneficiaries, but that does not help the claimant. That the claimant worked under the direction of his son, a cotrustee, did not make him an employee. He had all the powers of management that his son had and in contemplation of law was no less an employer. We intend no suggestion as to the status under § 1 (4) of c. 152 of an employee of trustees of such a trust who is a beneficiary but not a trustee.

The claimant argues that since the insurer was paid a premium on the basis that he was an employee, "it would be manifestly unjust not to require the insurer to pay him compensation." But questions of whether the insurer is estopped to deny liability and of its right to retain the premiums are not presented and we do not pass on them.

As the claimant was not a "person in the service of another" within the intendment of § 1 (4) of c. 152, it follows that the decision of the reviewing board was right and the decree in accordance with that decision must be affirmed.

*So ordered.*