FRED J. FINDLEN & others[1] *vs.* JOEL TAUNTON & others.[2] April 21, 1982. The Findlens, who did business as Fred J. Findlen & Sons (Findlen), were the general contractor on a project for the Winchendon Housing Authority. In that connection they hired Taunton, Geisler, McCue and Baker, who did business as Rainbow Painting Company (Rainbow),

---

[1] Joseph E. Findlen, Robert F. Findlen and Fred P. Findlen.

[2] Bruce H. Geisler, Brian McCue and James Baker.

as the painting subcontractor. Before the painting work was done, Findlen discharged Rainbow because it was not carrying workers' compensation insurance. That fact had been forcefully called to Findlen's attention by several unions which picketed the job in protest and shut it down. If Rainbow was a partnership it was not required to carry workers' compensation insurance with respect to its partners. G. L. c. 152, § 1(4). *Ryder's Case*, 341 Mass. 661, 665 & n.2 (1961). The only factual issue in the case, therefore, was whether Rainbow was a partnership. A jury determined that issue in favor of Rainbow and awarded damages of $7,500 to Rainbow on its counterclaim against Findlen. This appeal followed.

1. During direct examination Findlen's counsel asked Fred Findlen, with respect to a conversation between the latter and union officials, "Would you tell us, sir, what you remember of that conversation as it related to the reason for the picket lines?" The judge correctly sustained Rainbow's objection to the question. The state of mind of the union officials, see *Elmer* v. *Fessenden*, 151 Mass. 359, 360-361 (1890), *Brannen* v. *Bouley*, 272 Mass. 67, 72 (1930), had no bearing on the case which would have entitled Findlen to avail itself of the state of mind exception to the general hearsay rule. Contrast *Commonwealth* v. *Borodine*, 371 Mass. 1, 7 (1976); see Liacos, Massachusetts Evidence 348-349 (5th ed. 1981). The motive or reason which underlay the unions' job action would not legally justify Findlen in terminating its contract with Rainbow if Rainbow was performing its end of the bargain. At best, had Findlen been permitted to answer the question, the evidence would have been cumulative since the unions' concern about Rainbow's not carrying workers' compensation and about the wages it paid came in on three other occasions.

2. The judge was not required to instruct the jury that Rainbow could not simultaneously be a partnership and a corporation or a division of a corporation, as Findlen requested. This would have been an accurate statement of the law, but the judge chose a different formulation. A review of the judge's charge discloses that he described at some length the elements of a partnership, one of which, he said, was that it was not an incorporated association. He also instructed the jury that even if they concluded Rainbow was a partnership, if that partnership employed any persons who were not partners, those persons would have to be covered by workers' compensation. Findlen was not entitled to an instruction precisely in the form requested. *Mishara Constr. Co.* v. *Transit-Mixed Concrete Corp.*, 365 Mass. 122, 125 (1974). It was sufficient that there be a full, fair, correct and clear instruction as to the principles of law governing the essential issues presented. *Buckley* v. *Frankel*, 262 Mass. 13, 15 (1928). For the same reasons the judge did not err in declining to include in his instruction the text of G. L. c. 108A, § 7(4), one of several rules for determining the existence of a partnership, which appears in c. 108A, the Uniform Partnership Act.

*Judgment affirmed.*

*Douglas G. Moxham* for the plaintiffs.
*Thomas Lesser (Joseph T. Doyle* with him) for the defendants.