Community Feed Stores, Inc. *v.* Director of the Division of Employment Security.

COMMUNITY FEED STORES, INC., & another[1] *vs.* DIRECTOR OF
THE DIVISION OF EMPLOYMENT SECURITY.

Hampden.   December 8, 1983. — March 15, 1984.

Present: WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Employment Security,* Employing enterprise, Partnership.   *Partnership,*
What constitutes.

The board of review of the Division of Employment Security did not err in
concluding that the business of two stores, each operated under a separate
partnership agreement between the same two persons, constituted a single
employing unit, so that, when the partners formed two corporations with
each corporation acquiring the assets of one of the stores, the favorable
employment security merit rating enjoyed by the partnership was not
transferred to either of the two corporations.   [490-492]

CIVIL ACTION commenced in the Springfield Division of the
District Court Department on November 17, 1981.

The case was heard by *Lenhoff,* J.

*Calvin W. Annino, Jr.,* for the plaintiffs.

*George J. Mahanna,* Assistant Attorney General, for Direc-
tor of the Division of Employment Security.

WILKINS, J.   The plaintiff corporations challenge the deci-
sion of the Board of Review (board) of the Division of Employ-
ment Security that, in determining their status, including rates
they must pay for unemployment compensation insurance, the
prior experience of two businesses of which they are, respec-
tively, the successors must be disregarded.   The same two
individuals were the sole partners of what the plaintiffs claim
were two partnerships, operating stores separately in East
Longmeadow and in Easthampton. The board took the position
that there was only one partnership or employing unit, that
neither corporation succeeded to substantially all the assets of
a predecessor entity, and that thus there was no continuity
justifying carrying forward to the corporations the prior un-
employment compensation experience of the predecessor

---

[1] Community Feed Stores of Easthampton, Inc.

partnership. We agree with the board's decision and thus affirm the judgment of the District Court affirming that decision.

Archie T. Rintoul had operated each store as a sole proprietorship. Effective January 1, 1963, he entered into a partnership agreement with his son James to conduct the business of the Easthampton store. Archie was to receive six-elevenths of the net profits, and James five-elevenths. Archie continued as sole proprietor of the East Longmeadow store. Thereafter the Director of the Division of Employment Security (director) assigned different employer numbers to the two enterprises. Effective January 1, 1967, Archie and James entered into a second partnership agreement to operate the East Longmeadow store, each having an equal interest in the net profits of that business. Thereupon the director treated the two operations as one employing unit. On January 1, 1979, the Rintouls formed the plaintiff corporations for estate planning purposes, and each corporation acquired the assets of one of the stores.

The board regarded the Rintouls as having established, in 1967, one partnership operating two stores and thus treated the partnership as a single employing unit. See G. L. c. 151A, § 9. The board, therefore, affirmed the decision of the director that the plaintiff corporations were not successors to all the assets of a predecessor employing unit and were not entitled to the benefit of the prior experience of the partnership operations. The plaintiffs' appeals were considered and decided together. A District Court judge affirmed the decision of the board, and the plaintiffs have appealed from that decision.

Under G. L. c. 151A, § 14 (*n*) (1), as appearing in St. 1976, c. 473, § 6, a transferee is deemed to be a successor for the purposes of determining the transferee's contribution rates "[i]f the entire organization, trade or business of an employer or substantially all the assets thereof, is transferred to another employer or employing unit." See *McNear* v. *Director of the Div. of Employment Sec.,* 327 Mass. 717, 721 (1951). The general issue in this case is whether there were two employers (see G. L. c. 151A, § 1 [*i*], defining "employer") or two employing units (see G. L. c. 151A, § 1 [*j*], defining "employing unit"), each of whose business or assets were transferred,

respecitvely, to the plaintiff corporations or, alternatively, whether the two businesses operated by the Rintouls constituted only one employer or employing unit whose assets were divided between the two plaintiff corporations and thus neither received "the entire organization, trade or business of an employer or substantially all the assets thereof." An employing unit is defined to include "any . . . type of organization including any partnership . . . which has or subsequent to [January 1, 1941], had one or more individuals performing services for . . . it within this commonwealth." G. L. c. 151A, § 1 (*j*), as appearing in St. 1941, c. 685, § 1.

Inherent in the plaintiffs' argument is the proposition that, for the purposes of the employment security law, there may be two employing units engaged in business activities carried on separately by the same persons who are the only partners in each activity. In other words, it is asserted that Archie and James may be the sole partners of a business operation in East Longmeadow and the sole partners of a business operation in Easthampton, each of which must be treated as an independent employing unit under G. L. c. 151A.

In considering this question, it may be important to determine whether a partnership should generally be treated as a separate entity, which would tend to support the plaintiffs' position, or whether a partnership is only an aggregate of the partners themselves, which would tend to support the board's position. The question whether the entity theory or the aggregate theory should be reflected in the Uniform Partnership Act was a subject of considerable debate among the members of the Commission on Uniform Laws more than sixty-five years ago. Jensen, Is a Partnership Under the Uniform Partnership Act an Aggregate or an Entity?, 16 Vand. L. Rev. 377, 378 (1963). Although the Uniform Partnership Act contains some provisions consistent with each theory (*id.* at 379 n.11), the act adopts neither theory explicitly. See Lewis, The Uniform Partnership Act — A Reply to Mr. Crane's Criticism, 29 Harv. L. Rev. 158 (1915). The Uniform Partnership Act, adopted in Massachusetts in 1922 (G. L. c. 108A, inserted by St. 1922, c. 486, § 1), certainly recognizes a partnership as an entity for

certain purposes. See, e.g., §§ 8 and 10 concerning the partnership's ability to own and convey property; §§ 21, 22, and 27 providing for the continuity of a partnership in certain circumstances; § 40 (*h*) giving partnership creditors priority in partnership assets. See *Ryder's Case,* 341 Mass. 661, 664-665 (1961). However, although the Uniform Partnership Act includes a partnership within its definition of a "person," the Massachusetts law omits the definition. That omission may be some indication of our Legislature's rejection of a general implication of an entity theory of partnership. On the other hand, a partnership is defined in G. L. c. 108A, § 6 (1), as "an association of two or more persons to carry on as co-owners a business for profit." This definition could be read as justifying separate partnerships consisting exclusively of the same people.

In *Ryder's Case, supra,* we noted that a partnership is treated as an entity in certain situations but that generally the aggregate theory prevails. We declined to apply the entity theory so as to treat a working partner as an employee for the purposes of the Workmen's Compensation Act. *Id.* at 665-666. Where the aggregate theory prevails, such judicial authority as there is indicates that two or more separate partnerships with identical partners will not be recognized. See *Huiet* v. *Brown,* 70 Ga. App. 638, 640 (1944); *Fidelity Phoenix Fire Ins. Co.* v. *Howard,* 182 Miss. 546, 551 (1938); 68 C.J.S. Partnership § 67 (c), at 499 (1950). See also F.M. Burdick, Partnership 85-86 (3d ed. 1917). Contra Lewis, The Uniform Partnership Act — A Reply to Mr. Crane's Criticism, *supra* at 160 ("Thus A. and B. may form a partnership to run a hotel and a partnership to conduct, as a separate business, a steamboat line"). Certainly nothing in the Uniform Partnership Act nor in our cases indicates that the Legislature, in defining an employing unit in G. L. c. 151A to include a partnership, contemplated an entity theory of partnerships.

We see the basic question as being what the Legislature intended in G. L. c. 151A, § 14 (*n*) (1), by its allowance of successor status to a transferee of "the entire organization, trade or business of an employer or substantially all the assets thereof." We derive guidance from earlier provisions in § 14 (*n*). Section

14 ($n$) (1) was inserted in G. L. c. 151A by reason of the substantial revision of § 14 made by St. 1953, c. 397, and continued language appearing in G.L. c. 151A, § 14 ($q$), as appearing in St. 1951, c. 763, § 5. It provided that "[i]f the business of any employer is transferred, in whole or in part, to another employing unit, the transferee shall be deemed a successor for the purpose of this section; provided, that the portion of the business so transferred was operated by the transferring employer as a separate business enterprise the pay roll records of which were not commingled with those of other employing enterprises of such transferring employer at any time during the [prior] three calendar years.'' This language inserted in 1953 remained substantively in effect, with minor, immaterial changes (see St. 1958, c. 643, § 1; St. 1959, c. 508), until the present relevant language of § 14 ($n$) (1) was inserted by St. 1976, c. 473, § 6. Under the prior provisions of § 14 ($n$) (1), a sole proprietorship, a partnership, or a corporation could maintain separate units or divisions whose experience could be carried over to a successor transferee of that unit or division. It seems clear that now a sole proprietorship or a corporation may not maintain separate units whose prior experience may pass to successors upon their separate transfer. We see no indication that the Legislature intended to treat partners and successors to their separately maintained units any differently. Even if we were to recognize the entity theory of partnerships for the purpose of construing § 14 ($n$) (1), we think the common partners of the two separately created partnership operations are not entitled to insulate those operations when a sole proprietor or corporation could not similarly insulate business units.

We would have perhaps been aided in our construction of § 14 ($n$) (1) if the record had contained some indication of the director's interpretation of § 14 ($n$) (1) since its 1976 amendment. We do know that, when the second partnership agreement was entered into in 1967, the director regarded the two businesses as operated by one partnership for the purposes of the act. We reject, however, any consideration of the circumstances of that determination as supporting the director's claim that

the plaintiffs must be bound by their failure to challenge that 1967 determination. See G.L. c. 151A, § 12. No evidence of the circumstances involved in that determination is in the agency record. G.L. c. 151A, § 42. The District Court judge should not have considered or relied on this belated argument.

Because the partnership operations were properly treated as one employing unit, the plaintiff corporations did not qualify for continuity of treatment under the employment security law and the judgment of the District Court must be affirmed. The plaintiffs do not challenge the constitutionality of the denial to them of continuity treatment under G. L. c. 151A, § 14 (*n*) (1), as we have construed it. As a practical and logical matter, one might wonder why continuity of treatment is not permitted in the circumstances of these cases, but, in the absence of any constitutional violation, the matter is for legislative and not judicial determination.

*Judgment affirmed.*