Macdonald, D. Lloyd, J.
Before the Court is the defendant’s motion to dismiss. It is brought, pursuant to Commonwealth v. McCarthy, 385 Mass. 160 (1982), and it challenges the sufficiency of the evidence before the grand juiy as to those counts of the indictment that allege larceny. For the reasons stated below, the Court ALLOWS the motion.
Evidence Presented to the Grand Juiy
The defendant, an attorney, was a member of a partnership that was formed in 2002 with two other attorneys. The defendant primarily managed the firm’s finances, and he distributed compensation checks to the other partners. The partners had agreed that they were to be compensated equally from the profits of the partnership.
In September 2004 one of the partners discovered that the defendant had drawn compensation checks to himself in excess of the compensation that had been distributed to the other partners. Specifically, it was later determined that the defendant had paid himself more than $100,000 than he had paid his partners. In addition, investigation later revealed that the defendant, without authorization from the others, had — by use of the partnership’s ATM card — charged approximately $35,000 in debit transactions and had withdrawn approximately $28,000 in cash from the partnership’s account. It was also determined that the defendant omitted to record in the partnership ledger several unauthorized transactions valued at nearly $4,000. All the above withdrawals and transactions were for the defendant’s personal benefit and not for partnership purposes.
The Charges
The defendant is charged in seven counts with stealing “the property of Giordano, Champa, LLP” in violation of G.L.c. 266, §30(1). He is also charged with four counts of making false entries in the company books in violation of G.L.c. 266, §67. As noted above, it is only the larceny charges that are the subject of the motion.
The Issue
The defendant submits that (1) the larceny statute (G.L.c. 266, §30) is derived directly from the common law, (2) the ownership interests of partners in partnership property as provided in G.L.c. 108A, §25 is itself a codification of the common law, and (3) at common law a larceny charge against a partner could not be predicated on theft of partnership property because a necessary element of larceny is that the property stolen must be the property of “another” and, by definition at common law, a partner possesses an undivided interest in all partnership property.
While acknowledging these common law principles, the Commonwealth submits that the Uniform Partnership Act (the “UPA”), enacted in 1922 and appearing now as G.L.c. 108A, altered the nature of the ownership interests of partners in partnership property such that the partnership as an entity is held to possess property independently of its partners, sufficient upon which to predicate a larceny charge.
Discussion
A conviction of larceny under G.L.c. 266, §30 requires that the Commonwealth prove the “unlawful taking and carrying away of the personal property of another with the specific intent to deprive the person of the property permanently.” Commonwealth v. Mills, 436 Mass. 387, 394 (2002) (emphasis added). “To prove the element of ‘the property of another,’ the Commonwealth[’s] burden is to establish beyond a reasonable doubt that the property belonged to someone other than the defendant.” Commonwealth v. Caparella, 70 Mass.App.Ct. 506, 513 (2007). “Direct proof of ownership, though preferable, is not essential, since the statute only requires a showing that the defendant was not the owner.” Commonwealth v. Souza, 397 Mass. 236, 238 (1986). The owner of property that is the subject of a larceny need not be an individual and may be a government or private entity. Commonwealth v. Mahoney, 68 Mass.App.Ct. 561, 564 (2007).
The Commonwealth’s larceny statute is derived from the common law. Commonwealth v. Mills, supra at 392. See J.R. Nolan and L. Sartorio, Criminal Law §341 atpp. 361-62 (2007). For ageneral discussion of the development of the modern law of larceny see G.P. Fletcher, The Metamorphosis of Larceny, 89 Harv.L.Rev. 469 (1976).
The nature of a partner’s ownership interest in the property of a Massachusetts partnership is defined in G.L.c. 108A, §25:
(1) A partner is co-owner with his partners of specific partnership property holding as a tenant in partnership.
(2) The incidents of this tenancy are such that:
(a) A partner, subject to the provisions of this chapter and to any agreement between the partners, has an equal right with his partners to possess specific partnership property for partnership purposes; but he has no right to possess such property for any other purpose without the consent of his partners.
(b) A partner’s right in specific property is not assignable except in connection with the assign *6 ment of the rights of all the partners in the same property.
(c) A partner’s right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership
(e) A partner’s right in specific partnership property is not subject to dower, curtesy, or allowances to widows, heirs, or next of kin.
These provisions come verbatim from the UPA. UPA Revision Subcommittee of the ABA Committee on Partnerships and Unincorporated Business Organizations, Should the Uniform Partnership Act be Revised?, 43 Bus.Law 121, 153-54 (1987) (hereinafter the “ABA Subcommittee Report” or the “Report”).
As noted above, the Commonwealth concedes that the defendant’s conduct could not be prosecuted as larceny under the common law of partnerships. The concession is a necessary one. As stated in the ABA Subcommittee Report:
The general rule is that a partner cannot be guilty of embezzlement or larceny of partnership property . . . The general rule is based on the view that: (i) for a person to be guilty of the offense of embezzlement or related offenses, it must be established that the properly taken by the person was property “of another”: (ii) a partnership is not a separate entity, but merely an aggregate of individuals: (iii) therefore, partnership assets belong to all the partners, including the converting partner; and (iv) therefore, the converting partner has not taken property “of another” and cannot be guilty of embezzlement.
Id. at 154.
Some jurisdictions have chosen to vary the common-law definition of partnership property so as to permit prosecution of partners for larceny. In those states,
the courts determined that the general rule had been abrogated, variously, by statutes which were specifically addressed to the conversion of partnership property; by statutory provisions deleting the requirement that the wrongfully appropriated properly be that “of another”; or by criminal statutes which brought within the definition of . . . larceny the agency, trust, or employment capacity in which the defendant partner was acting when he obtained possession of the property wrongfully appropriated.
Embezzlement, Larceny, False Pretenses or Allied Criminal Fraud by a Partner, 82 A.L.R.3d 822, §4 (1987) (hereinafter, the “ALR Survey”).
The Commonwealth submits that in adopting the Uniform Partnership Act (“UPA”), the Legislature revised the nature of a partnership’s ownership interest in its property by the entity of the partnership being seen as legally separate from the aggregated interests of the constituent partners.
At the outset, the Commonwealth has a problem with this proposition because two years after the UPA became law in Massachusetts, the SJC in upholding the larceny conviction of a member of a partnership-like private mutual benefit organization employed language that strongly suggested that the UPA did not disturb the common-law rule in Massachusetts. Commonwealth v. Novick, 248 Mass. 317, 318 (1924). The court affirmed the defendant’s conviction in Novickbut only on the rationale that a specific statute (currently codified as G.L.c. 266, §§58 and 59) had been enacted that had the effect of taking thefts of “funds of benevolent and fraternal organizations by their fiscal or managing agents” outside of the application of the common-law partnership rule. The SJC noted that “(a]t common law it was ordinarily held that a general partner could not be convicted of larceny or embezzlement for appropriating to his own use money which came into his possession by virtue of his being such partner and joint owner, because it was not ‘the property of another.’ ” Id.
In all respects pertinent to this case, the UPA (and thus, G.L.c. 108A) incorporates the common-law principles of partnership. The excerpt quoted above from the ABA Subcommittee Report which referenced the “general rule” was describing not just the common-law rule but Section 25 of the UPA itself. ABA Subcommittee Report at 153. This becomes clear from the text of the Report that followed the earlier quoted excerpt. The subsequent text made recommendations for amendments to the UPA:
The Committee believes that, as a policy matter, the fact that, conceptually, a partner is part owner of partnership property should be no defense to the charge of misappropriation of partnership property. In any event, if, as the Committee recommends, the UPA is revised to reflect the entity theory, then the conceptual basis for the general rule that a partner cannot be guilty of embezzlement of partnership property, i.e., that a partner is part owner of the partnership property and one cannot be guiliy of embezzling his own property, will cease to exist. Whether or not the entity theory is adopted, the Committee recommends that the UPA be revised to the extent necessary to make it clear that a partner who misappropriates partnership property is guilty of embezzlement in the same manner and to the same extent that he would be guilty of embezzlement if he misappropriated the property of a corporation, or any other kind of entity, in which he had an ownership interest.
Id. (emphasis added).
It is evident from the Report, therefore, that the ABA Subcommittee construed the UPA as embodying the common-law rule and, further, that in order for partners’ misappropriation of partnership property to be prosecuted as theft, the UPA had to be amended.
*7 The lesson to be drawn from the SJC’s opinion in Novick is that in the absence of a specific statute altering the common-law rule, common-law principles underlying G.L.c. 108A apply to bar prosecutions for theft of partnership properly allegedly committed by partners. Since 1924, the SJC has not spoken further on the subject.
It is also significant that since 1924 the Legislature has not materially amended the text of G.L.c. 266, §30 as it applies to partnerships. Nor has it passed legislation enlarging the reach of the larceny statute to misappropriation by partners as it had done in 1902 with regard to the principals of voluntary organizations. G.L.c. 266, §§58 and 59. This inaction by the Legislature is particularly significant because in the same period the Legislature revised G.L.c. 266, §30 five times (in 1945, 1977, 1983, 1987 and 1995) to expand the types of property covered by its terms.
Under such circumstances, it would be inappropriate for this Court to construe the statute to “add words to [the] statute that the Legislature did not put there, either by inadvertent omission or by design.” Commonwealth v. McLeod, 437 Mass. 286, 294 (2002), and cases cited. Further, “the fact that the . . . phrase has remained unchanged in the ensuing period ... (during which other changes have been effected [to the statute]) is, we believe, persuasive evidence,” Town of Shrewsbury v. Munro, 2 Mass.App.Ct. 362, 367 (1974), that no change was intended by the Legislature to the scope of G.L.c. 266, §30 as it concerns the misappropriation of partnership property. See also Missouri v. Ross, 299 U.S. 72, 75 (1936) (Where a statute is construed by the courts in a particular way and the statute is thereafter amended in other respects, that circumstance “is persuasive evidence of the adoption by that [legislative] body of the judicial construction”).
In support of its position that the UPA modified the common law of partnership, the Commonwealth cited the case of Commonwealth v. Campbell 415 Mass. 697 (1993), which construed the application of G.L.c. 266, §92 (willful false statements) to an alleged partnership. However, the SJC’s opinion in Campbell suggests the opposite: “The common law definition of partnership, well developed through case law, and clearly stated by this court in decisions during the decade preceding the adoption of G.L.c. 266, §92 [in 1905] contained the same basic requirements as the UPA definition.” Id. at 699, n.4.
Further, the Commonwealth’s reliance on Community Feed Stores of Easthampton, Inc. v. Director of the Division of Employment Security, 391 Mass. 488 (1984), for the proposition that the UPA, as incorporated in G.L.c. 108A, adopted the “entity” theory of partnership as opposed to the common law’s “aggregate” theory[1] is similarly misplaced. In Community Feed Stores the SJC concluded, “Certainly nothing in the Uniform Partnership Act nor in our cases indicates that the Legislature, in defining an employing unit in G.L.c. 151A to include a partnership [which was the immediate issue before the court] contemplated an entity theory of partnerships.”
And the SJC’s Community Feed Stores opinion cited to Ryder’s Case, 341 Mass. 661 (1961), where the court noted that the entity theory of partnership law (versus the common-law “aggregate” theory) “has been applied primarily in limited aspects, such as in the areas of taxation and jurisdiction.” Id. at 665. The SJC continued, “Generally ‘the pluralistic [aggregate] notion of the firm prevails.’ Helvering v. Smith, 90 F.2d 590, 591 (2d Cir. (1937) (L. Hand, J.). Wrlliston, The Uniform Partnership Act, 63 U. of Pa.L.Rev. 196, 208 (1915). We think... that there is no basis for applying the entity theory in this case.” Id. (The issue before the SJC in Ryder’s Case was whether partners were entitled to workers’ compensation coverage.)
The great majority of state courts that have addressed the issue now before this Court have held that the common-law rule of the immunity of partners from prosecution for larceny of partnership assets survived the adoption of the UPA. The ALR Survey identified twenty-two such jurisdictions. ALR Survey at §3.
Among the cases cited by the ALR Survey was the unanimous decision of the New York Court of Appeals in People v. Zinke, 76 N.Y.2d 8 (1990). The pertinent text of New York’s partnership act is identical to G.L.c. 108A, §25. The Court of Appeals noted, “As in other states, the courts of this State consistently regarded the common-law definition of owner as controlling, concluding that partners could not be prosecuted for stealing firm property.” Id. at 12. Relying in part on certain legislative history relating to New York’s larceny statutes, the court concluded in unambiguous terms, “Thus, it is clear that in New York, partners cannot be charged with misappropriating firm assets.” Id. at 13.
In support of its position here, the Commonwealth relies upon four minority cases from other jurisdictions. People v. Sobiek, 30 Cal.App.3d 458 (1973) (intermediate appellate court), State v. Sylvester, 516 N.W.2d 845 (Iowa 1994) (divided court with strong dissent by two justices; the majority following the rationale of the California Sobiek court), Nebraska v. Siers, 197 Neb. 51 (1976) (larceny statute that permits prosecution for co-owned property), and State v. Morales, 256 La. 940 (1970) (the civil code adopted from continental antecedents specifically recognizes partnerships as entities with ownership interests distinct from its partners).
None of these cases provides a persuasive rationale for this Court to depart from the Commonwealth’s common-law based principles in the face of the Legislature’s inaction on the issue. Nebraska’s statutory structure is different from ours in that larceny in Nebraska is defined as including jointly held property. Louisiana’s continental rule is, literally, foreign to the common-law tradition. Apparently unmoved by the *8 precedential force of the common law, the California intermediate appellate court in Sobiek rested its holding on the conclusion that “[i]t is both illogical and unreasonable to hold that a partner cannot steal from his partners merely because he has an undivided interest in the partnership property.” 30 Cal.App.3d at 468. The majority of the Iowa court in Sylvester cited this conclusion with approval. 516 N.W.2d at 849.
As appealing to this Court as the sentiment of the California and Iowa courts might be as a policy matter, their conclusion is contradicted by the common-law origin of G.L.c. 108A and G.L.c. 266, §30 and the Legislature’s failure to act on the issue in the intervening years since the SJC’s decision in Novick.
In this context, the Court must be mindful of the maxim of statutory construction that provisions that purport to alter common law are to be strictly construed. “A court will not presume that the Legislature intended ... a radical change in the common law without a clear expression of such ‘intent.’ ” Kerins v. Lima, 425 Mass. 108, 110 (1997). As should be clear from the preceding discussion, there has been no clear expression of such intent by either the Massachusetts Legislature or the SJC or Appeals Court.
Finally, we are faced here with a circumstance where, at a minimum, the rule of lenity in criminal cases must apply. The principles of the rule were reaffirmed recently by the SJC: “[I]t is well established that ‘[i]If the statutory language [affecting a criminal statute could] plausibly be found to be ambiguous,’ the rule of lenity requires the defendant be given ‘the benefit of the ambiguity.’ ” Commonwealth v. Disler, 451 Mass. 216, 228-29 (2008) (internal citations omitted).
From the above discussion, it is manifest that, if nothing else, the Commonwealth’s larceny statute is ambiguous as to the issue before the Court. A penal statute must “define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited.” Commonwealth v. Twitchell 416 Mass. 114, 123 (1993), quoting Kolender v. Lawson, 461 U.S. 352 (1983). Accordingly, the rule of lenity must apply and the defendant’s motion be allowed.
ORDER
The defendant’s motion to dismiss is ALLOWED.

See generally Jenson, Is a Partnership under the Uniform Partnership Act an Aggregate or an Entity?, 16 Vand.L.Rev. 377 (1963).