Garth Findlay's Case.

No. 09-P-306.

Suffolk. November 12, 2009. - June 24, 2010.

Present: Duffly, Green, & Katzmann, JJ.

*Workers' Compensation Act,* Appeal, Coverage, Decision of Industrial Accident Reviewing Board, To whom act applies. *Administrative Law,* Agency's interpretation of statute. *Regulation. Estoppel. Words,* "Employee."

The reviewing board (board) of the Department of Industrial Accidents (department) properly affirmed an administrative judge's decision dismissing a claim brought under a provision of the Workers' Compensation Act (act) of a self-employed sole proprietor (claimant) who did not notify his insurance carrier (carrier) that he sought to be covered as an employee, where the claimant did not comply with a regulation promulgated by the department that reasonably interpreted the act in a manner requiring that the claimant make an affirmative election with his carrier to be treated as an employee [111-114]; further, the board properly affirmed the administrative judge's conclusion that the department lacked jurisdiction to consider the claimant's equitable estoppel claim, where the claimant fell into a class of persons excluded by the act, i.e., sole proprietors who fail to elect to be insured as employees [114-116].

Appeal from a decision of the Industrial Accident Reviewing Board.

*Edward A. Gottlieb* for Garth Findlay.

*Gerald T. MacCurtain* for Liberty Mutual Insurance Company.

Katzmann, J. Garth Findlay, a self-employed sole proprietor, appeals from a decision of the reviewing board of the Department of Industrial Accidents (the board) upholding the decision of an administrative judge (the AJ) dismissing his claim under a provision of the Workers' Compensation Act (the Act), G. L. c. 152, § 1(4). We affirm.

*Background.* In 2001, Findlay, a carpenter doing business as Jog Construction Company (Jog), first purchased a workers' compensation insurance policy (policy) from Liberty Mutual

Insurance Company (Liberty Mutual). The real estate management company that managed the properties where Findlay worked as a contractor required that he present a workers' compensation policy for his business prior to working. A "Partners, Officers and Others Exclusion Endorsement," attached to the policy, specifically excluded Findlay himself from coverage. Because Jog had no payroll of covered employees, the premium for the policy was the minimum. At that time, no provision under Massachusetts law allowed Findlay, a sole proprietor, to be considered an employee of his business under the Act.[1] Prior to 2002, a person self-employed as a sole proprietor could not be deemed an "employee" of the sole proprietorship because the Act "[could not] be supposed to have contemplated any such combination of employer and employee status in one person." *Ryder's Case*, 341 Mass. 661, 665 (1961), quoting from Larson, Workmen's Compensation Law § 54.31.[2] See *Findlen* v. *Taunton*, 13 Mass. App. Ct. 1041, 1042 (1982) (partnership not required to carry workers' compensation insurance for its partners); *Chute* v. *Charles Chute Painting Co.*, 11 Mass. Workers' Comp. Rep. 239, 241-242 (1997) (applying rule of *Ryder's Case* to sole proprietor).

In 2002, the Legislature overturned the rule in *Ryder's Case*, *supra*. The statute now reads, in pertinent part, that "[f]or the purpose of this chapter, a sole proprietor at his option . . . shall be an employee. A sole proprietor . . . may elect coverage by securing insurance with a carrier." G. L. c. 152, § 1(4), sixth par., inserted by St. 2002, c. 169. Setting out specific procedures for sole proprietors to affirmatively elect to be treated as employees, the Department of Industrial Accidents (department) promulgated a regulation implementing the 2002 amendment shortly after its enactment.[3] See 452 Code Mass. Regs. § 8.07 (2002) (regulation).[4]

---

[1]Whether Findlay may be considered an employee of the real estate management company under the Act is not at issue in this litigation.

[2]See now Larson's Workers' Compensation Law § 76.05[2] (2009).

[3]The amendment was approved on July 25, 2002. See St. 2002, § 169. A nonemergency act, it became effective ninety days later, on October 23, 2002. See *Vittands* v. *Sudduth*, 41 Mass. App. Ct. 515, 518 & n.7 (1996). The department promulgated the regulation on December 6, 2002, and has not amended it since.

[4]First, the regulation states that "a sole proprietor . . . may elect to be an

On September 25, 2005, Findlay severely cut his hand with a saw while on the job. Between the time of the statutory amendment and the accident, Findlay (who had not been notified of the amendment by Liberty Mutual) had renewed his policy several times in substantially the same form.[5] After the accident, he filed a claim for benefits under the policy, which Liberty Mutual denied. In 2007, the department held a hearing limited to the issue of Findlay's coverage as an employee under the policy. The AJ found that Findlay failed to notify Liberty Mutual that he sought to be covered as an employee, so the policy did not cover him.[6] The AJ dismissed Findlay's claim. Findlay appealed to the board, which affirmed the AJ's decision. He now brings this appeal.

*Discussion.* "Pursuant to G. L. c. 152, § 12(2), we review a decision of the . . . board under the standards of the Administrative Procedure Act, G. L. c. 30A, § 14(7)(*a*)-(*d*), (*f*), and (*g*). We may set aside or modify the decision of the . . . board if the decision is, among other things, '[b]ased on an error of law,' '[m]ade upon unlawful procedure,' or '[a]rbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law.' " *Haslam's Case*, 451 Mass. 101, 106 (2008), quot-

---

employee and obtain coverage under a workers' compensation insurance policy." 452 Code Mass. Regs. § 8.07(1). Second, a sole proprietor "must submit a written request directly to the carrier" in order to be considered a covered "employee," and "must reaffirm in writing their right of inclusion as an employee . . . annually and prior to the renewal date of the policy." *Id.* at § 8.07(2). Third, the regulation sets the effective date of coverage for the sole proprietor as an employee based on when the carrier receives the "written request from the sole proprietor," and that the "written requests must be on company letterhead and signed by the sole proprietor." *Id.* at § 8.07(3). Fourth, as "sole proprietors . . . are required to provide workers['] compensation insurance coverage for their employees" and a sole proprietor is "given the option" to be a covered employee, "[i]f a sole proprietor . . . obtains a workers['] compensation insurance policy without specifically electing coverage as described in 452 [Code Mass. Regs. §] 8.07 for the sole proprietor . . . the sole proprietor . . . shall not be covered under that policy." *Id.*, § 8.07(4).

[5]The parties stipulated that "Liberty Mutual . . . never sent any notices, correspondence or other documents to . . . Findlay, either as Employee or Employer, or his broker concerning the [amendment]." They also stipulated that Liberty Mutual never sent any such documents to any agent, broker, or insured.

[6]The AJ also found that "[t]he coverage would have required the payment of a substantial additional premium."

ing from G. L. c. 30A, § 14(7)(*c*), (*d*), (*g*). "Where a statute is involved, '[a]lthough "[t]he interpretation of a statute by the agency charged with primary responsibility for administering it is entitled to substantial deference," ultimately the "duty of statutory interpretation is for the courts." ' " (Citations omitted.) *Carpenter's Case*, 456 Mass. 436, 439 (2010), quoting from *Moss's Case*, 451 Mass. 704, 709 (2008).

In affirming the AJ, the board concluded that Findlay cannot be considered a covered "employee" under the Act because he failed to comply with the department's regulation requiring self-employed sole proprietors to take affirmative steps in writing on company letterhead to elect to obtain coverage as an employee of the sole proprietorship under the Act. See 452 Code Mass. Regs. § 8.07(2)-(4); note 4, *supra*. Findlay does not dispute his failure to comply with the regulation, but argues that he meets the "unambiguous" statutory definition of a covered "employee" and that the regulation conflicts with § 1(4) of the Act.

a. *Application of G. L. c. 152, § 1(4), and regulation.* Every employer in the Commonwealth, subject to certain exceptions not applicable here, is required to self-insure or obtain workers' compensation insurance for their employees. See G. L. c. 152, § 25A; *Sellers's Case*, 452 Mass. 804, 812 (2008). In the latter case, an employee injured on the job will be entitled to claim benefits from the workers' compensation insurance carrier. See, e.g., G. L. c. 152, §§ 34, 34A, 35.

As a prerequisite to any determination of benefits, an injured claimant must show that he or she is a covered employee. An "employee" is defined, subject to certain exclusions, as "every person in the service of another under any contract of hire." G. L. c. 152, § 1(4). In certain situations, such as this case, the injured person is self-employed, i.e., a sole proprietor. As we have noted, the controlling provision of the Act provides that "[f]or the purpose of this chapter, a sole proprietor at his option . . . shall be an employee. A sole proprietor . . . may elect coverage by securing insurance with a carrier." G. L. c. 152, § 1(4), sixth par. Findlay argues that despite his noncompliance with the regulation, he meets the statutory definition of a covered "employee" and is therefore entitled to coverage under the policy. Citing the general proposition that the Act "is to be construed broadly to include as many employees as its terms

will permit," *Murphy's Case*, 63 Mass. App. Ct. 774, 776 (2005), quoting from *Warren's Case*, 326 Mass. 718, 719 (1951), Findlay focuses on the second sentence of § 1(4), sixth par., and argues that he "elect[ed] coverage" as an "employee" because he is a sole proprietor who "secur[ed] insurance with a carrier."

At the outset, we note that "[a] court will not declare a regulation void unless its provisions cannot, in any appropriate way, be interpreted in harmony with the legislative mandate." *Student No. 9* v. *Board of Educ.*, 440 Mass. 752, 763 (2004). Moreover, heightened deference is accorded to an agency's contemporaneous interpretation of an enactment. See *Biogen IDEC MA, Inc.* v. *Treasurer & Receiver Gen.*, 454 Mass. 174, 187 (2009). Here, as we have noted, it is undisputed that Findlay did not comply with the regulation. Even if the statute were unclear — and we assume for the sake of discussion that it is — Findlay cannot show that the regulation is in conflict with the statute. As such, his claim that he is entitled to coverage has no merit. See *Pulsone* v. *Public Employee Retirement Admn. Commn.*, 60 Mass. App. Ct. 791, 796-798 (2004).

Regarding the statute, the issue before us is whether the language of the Act reasonably can be read to require a sole proprietor, to be covered as an employee, to make an affirmative election in the form of notice to the insurer that personal coverage is sought.[7] "[I]f the Legislature has not directly addressed the issue and the statute is capable of more than one rational interpretation, we proceed to determine whether the agency's interpretation may 'be reconciled with the governing legislation.'" *Biogen IDEC MA, Inc.* v. *Treasurer & Receiver Gen.*, 454 Mass. at 187, quoting from *Goldberg* v. *Board of Health of Granby*, 444 Mass. 627, 633 (2005). For the reasons set forth below, the statutory language can be read consistently with a legislative determination to require a self-employed sole proprietor to secure coverage with an insurer specifically as an employee of the sole proprietorship in order to obtain personal benefits from the insurer under a workers' compensation policy. In short, the department did not act unreasonably in interpreting the Act in a manner requiring that Findlay make an affirmative election with Liberty Mutual to be treated as an employee.

---

[7]The validity of the specific notice requirements in the regulation, such as a writing and use of company letterhead, is not before us here.

First, we note that none of the parties here disputes that the Legislature changed the law in order to allow sole proprietors to be included as covered "employees." However, Findlay's construction, even if otherwise rational, may run counter to the "general principle of statutory interpretation . . . that 'every word in a statute should be given meaning,' . . . and no word is considered superfluous." *Lopes's Case*, 74 Mass. App. Ct. 227, 229-230 (2009), quoting from *Boone* v. *Commerce Ins. Co.*, 451 Mass. 192, 196 (2008). Findlay's interpretation would result in a self-employed individual being covered as an employee of the sole proprietorship merely by buying insurance as an employer, even where the sole proprietorship has hired other employees, without making an affirmative election to be treated as an employee. Such an interpretation, while not irrational, sits uncomfortably with G. L. c. 152, § 25A, which requires sole proprietors to provide for workers' compensation payments for their employees, and arguably would render superfluous the language in § 1(4) providing that a sole proprietor "at his option" shall be an employee.

Findlay's reading would appear to make coverage of sole proprietors as employees mandatory instead of voluntary. This interpretation would transform G. L. c. 152, § 1(4), sixth par., into a requirement that all sole proprietors who secure workers' compensation insurance of any kind be deemed covered employees.[8] Moreover, it is illuminating that when the Legislature decided to make coverage of employees mandatory under the Act, it did so using directive language not present here. See G. L. c. 152, § 1(4), third par. (unequivocally providing that "[s]tudents participating in a work-based experience as part of a school-to-work program who receive personal injuries arising out of and in the course of such participation at or with particular employers, *shall*, for purposes of this chapter, be deemed employees of such employers" [emphasis added]), inserted by St. 2002, c. 444.

---

[8]The Legislature could have chosen amendment language unambiguously creating an "opt out" scenario, where a sole proprietor is considered a covered employee under the policy unless he affirmatively drops his personal coverage at his option. Findlay does not specifically argue that the language actually chosen has this effect, nor would we find that contention to have merit. Findlay's argument is essentially that he was automatically covered by generically buying the policy.

Finally, it is instructive that in other statutes the Legislature has used the phrase "at its option" in order to provide for the voluntary exercise of exceptions to a general rule. See, e.g., G. L. c. 10, § 58 ("Regional cultural councils shall consist of an equal number of members to be appointed from each city or town within the consortium in the manner herein described. The regional cultural council may adopt, *at its option*, a proportional membership consistent with the population of each municipality" [emphasis added]), as amended by St. 1992, c. 133, § 203; G. L. c. 32, § 22 ("[G]overnmental unit *at its option* may, but shall not be required to, appropriate additional monies for use by the retirement board in carrying out the purposes of section [G. L. c. 32, § 5B]" [emphasis added]), as amended by St. 1996, c. 306, § 36; G. L. c. 62E, § 4(*d*) ("*At its option*, [a financial] institution may, within thirty days of the end of the first quarter of every calendar year, submit to the Commissioner [of Revenue] a report of the name, record address, social security number and other identifying data of each person maintaining an account at such institution" [emphasis added]), as appearing in St. 1993, c. 460, § 12. Cf. *Harding* v. *DeAngelis*, 39 Mass. App. Ct. 455, 457-458 (1995) (consulting intestacy statute in determining a definition in wrongful death statute). Here, as a practical matter, it does not escape our notice that the department's interpretation leaves no room for doubt among those who broker and issue insurance about what coverage is being sought by a sole proprietor in a given instance.[9]

b. *Equitable estoppel.* Findlay makes an equitable claim that Liberty Mutual had a duty, which it breached, to notify him of his potential right to coverage under the changed law and thus should be estopped from denying coverage. The board concurred with the AJ's conclusion that the department does not have authority to consider Findlay's estoppel claim.[10] We agree.

---

[9]We note that workers' compensation schemes from other jurisdictions, while necessarily involving different statutes, reflect an analysis of the sole proprietor-employee issue that is consistent with the outcome here. See, e.g., *Dreiling* v. *Custom Builders*, 756 N.E.2d 1087, 1089-1090 (Ind. Ct. App. 2001); *Watson* v. *Twin City Fire Ins. Co.*, 143 Md. App. 637, 640-645 (2002); *Junge* v. *John D. Morgan Constr. Co.*, 118 N.M. 457, 462-464 (Ct. App. 1994). See generally Larson's Workers' Compensation Law § 76.05[1]-[2] (2009) (workers' compensation in context of partnerships).

[10]The AJ also essentially found that, even if Liberty Mutual had a duty to

Both the board and the AJ relied on *Hayes's Case*, 348 Mass. 447, 452-453 (1965), in which the Supreme Judicial Court affirmed the board's refusal to consider a claimant's request to estop the insurer from denying benefits under the policy. In that case, the court held that the claimant could not be deemed an "employee" under the Act, and that "full performance of the conditions of the [A]ct are essential prerequisites to the jurisdiction of the board, and . . . its authority and the statutory limitation upon the exercise of it cannot be enlarged, diminished or destroyed by express consent or waived by acts of estoppel." *Id.* at 453, quoting from *Levangie's Case*, 228 Mass. 213, 217 (1917). Findlay attempts to distinguish *Hayes's Case* by arguing that there the claimant's estoppel argument failed because he fell into a class of persons then excluded from the Act. We fail to see how this distinguishes the claimant in that case from Findlay.

Here, like the claimant in *Hayes's Case*, Findlay does not meet the definition of "employee" for purposes of the Act and he does fall into a class of persons excluded by the Act — sole proprietors who fail to elect to be insured as employees. Furthermore, like the claimant in *Hayes's Case*, Findlay seeks to estop the insurer from denying coverage under the policy, even though the department's jurisdiction — defined by statute — would be exceeded based on his failure to qualify as an "employee."[11]

Findlay also cites *Donovan's Case*, 58 Mass. App. Ct. 566, 568 (2003). In that case, the status of the claimant as an employee was not in dispute and the insurer never challenged the applicability of the Act. There, we held that the board did not

notify Findlay of his right to obtain personal insurance, Findlay would not have done so. He found that Findlay, even knowing of its availability, had not elected such coverage after the industrial accident, despite having returned to similar employment; that Findlay continues to be covered by the same type of policy as before the accident; and that Findlay's insurance broker would not have advised personal workers' compensation coverage because for the added cost better coverage was available through a disability policy. The AJ considered the cost of the personal workers' compensation coverage ("a substantial additional premium") a factor in finding Findlay not credible when testifying he would have obtained the coverage.

[11]Findlay may seek to press his equitable claim against Liberty Mutual (and perhaps claims against his insurance broker) in an appropriate court. Even were he to succeed there, that would not broaden the jurisdiction of the department, which is circumscribed by statute.

exceed its jurisdiction by applying equitable estoppel to enforce a lump sum settlement agreement that the insurer had agreed to sign but did not sign. *Id.* at 569. Here, unlike the claimant in *Donovan's Case*, Findlay fails to meet the definition of employee and the Act does not apply to him. Furthermore, in *Donovan's Case*, we expressly continued to recognize "the limits of the doctrine of estoppel with respect to the statutorily defined authority of an administrative agency such as the [department]." *Ibid.*, citing *Hayes's Case, supra* at 452-453.

In sum, the AJ and the board did not err by concluding that the department lacked jurisdiction to hear Findlay's claim that Liberty Mutual is estopped from denying coverage. Because the department's statutorily defined jurisdiction covers claims brought under the Act by "employees" only, and because Findlay does not meet the definition of an "employee," the department has no authority to grant Findlay's request for equitable relief.

*Decision of reviewing board affirmed.*